■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Respondent, v TOWN OF MOREAU ASSESSOR et al., Appellants. (And Five Other Related proceedings.) [762 NYS2d 847] —Lahtinen, J. Appeal from that part of an order of the Supreme Court (Williams, J.), entered November 15, 2002 in Saratoga County, which, inter alia, in six proceedings pursuant to RPTL article 7, denied certain respondents' motion to strike part of petitioners' appraisals.

Petitioners commenced tax certiorari proceedings challenging various real property assessments, including those for the years 1998 through 2001, on three hydroelectric generating facilities located in the Town of Moreau, Saratoga County.[1] The parties stipulated to a joint trial and filed their respective appraisals. Petitioners' appraisal included an analysis of the properties' values using the three traditional methods of valuation, i.e., comparable sales, income and cost. Petitioners' appraiser opined that the income method best reflected the value of the property. On the eve of trial, respondents Town of Moreau Assessor, Town of Moreau Board of Assessment Review and Town of Moreau (hereinafter collectively referred to as respondents) moved to, among other things, strike the portion of petitioners' appraisal that used the income approach. Supreme Court denied that aspect of respondents' motion and this appeal ensued.

"Analysis starts with recognition that while property must be assessed at market value, there is no fixed method for determining that value. The ultimate purpose of valuation, whether in eminent domain or tax certiorari proceedings, is to arrive at a fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]). A recent arm's length sale is the best evidence of value, but absent such a transaction, courts generally look to comparable sales (which is the preferred method), the capitalization of income, or reproduction cost less depreciation (*see Matter of Saratoga Harness Racing v Williams*, 91 NY2d 639, 643 [1998]). Historically, "[p]ublic utilities present[ed] unique and difficult valuation problems" because, as a closely regulated industry, there was a dearth of comparable sales (*Matter of Saratoga Water Servs. v Saratoga County Water Auth.*, 83 NY2d 205, 210 [1994]). Hence, electric generating plants fell into a narrow category of "speciality property," which was assessed using the reproduction-cost-new-less-depreciation method of valuation (*see Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor*, 225 AD2d 841, 842 [1996]). In the mid-to-late 1990s, however, the industry underwent deregulation and, according to evidence presented in the record by petitioners, a market began to emerge for the

---

1. Petitioner Niagara Mohawk Power Corporation owned the facilities—two of which are only partially in the Town—until June 1999, when they were transferred to petitioner Erie Boulevard Hydropower, L.P. Niagara Mohawk also challenged assessments on transmission and distribution property it owns in the Town, but has settled some of those challenges and the others are not relevant to this appeal.

purchase and sale of electric generating facilities. Petitioners argue that the emergence of such a market provides a framework for a shift in the paradigm for valuing utility properties such as those implicated in these petitions.

Given the procedural posture in which the issue has reached us, we need not engage in a protracted discussion of the ultimate merits of the purported arguments regarding valuation of electric generating facilities in the age of deregulation. Petitioners have presented sufficient proof to raise a factual issue as to whether a market now exists for such property. They should thus be afforded an opportunity to attempt to convince the trier of fact of the existence of such a market. If successful in such regard, they can further attempt to persuade Supreme Court that, under these particular circumstances, the income method best reflects actual value.

Respondents contend that the income method used by petitioners' appraiser is improper as a matter of law. While traditional sales occurring at the location of a business—with its accompanying attributes such as goodwill—are not proper in computing value under the income approach (*see Matter of Barnum v Srogi*, 54 NY2d 896, 898 [1981]), revenue generated from the premises may be an appropriate consideration when the revenue is—like rent—inextricably tied to a specific parcel of real estate (*see id.*; *cf. Matter of Saratoga Harness Racing v Williams, supra*; *Matter of Saratoga Water Servs. v Saratoga County Water Auth., supra*; *Matter of NYCO Mins. v Town of Lewis*, 296 AD2d 748 [2002], *lv dismissed, lv denied* 99 NY2d 576 [2003]; 5 Nichols, Eminent Domain § 19.07 [3d ed]). Petitioners presented sufficient facts to raise a triable issue as to whether they can establish this criteria.[2] Accordingly, we agree with Supreme Court's conclusion that summary judgment striking the income analysis aspect of petitioners' appraisal is not warranted.

Respondents' remaining arguments have been considered and, on this limited record, found unpersuasive.

Cardona, P.J., Mercure, Crew III and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

2. Interestingly, petitioners note that, in an unrelated proceeding involving valuation of hydroelectric stations, respondents' appraiser acknowledged the validity of the income approach in a deregulated market. Petitioners have also included evidence indicating that the New York State Office of Real Property Services has valued hydroelectric stations based upon the income approach.