■ In the Matter of JAMES MONTGOMERY et al., Appellants, v BOARD OF ASSESSMENT REVIEW OF TOWN OF UNION et al., Respondents. [817 NYS2d 419]—

Mugglin, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered April 11, 2005 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78 to, inter alia, review determinations by a Small Claims Assessment Review Hearing Officer upholding petitioners' real property tax assessments, and (2) from an order of said court, entered July 6, 2005 in Broome County, which denied petitioners' motion for reconsideration.

Petitioners in this CPLR article 78 proceeding challenge the tax assessment on their newly constructed homes in the Town of Union, Broome County, and further assert a claim that the methodology used by the Town to establish taxable values is discriminatory. Petitioners' respective complaints to respondent Board of Assessment Review of the Town of Union (hereinafter BAR) were denied and they brought separate Small Claims Assessment Review (hereinafter SCAR) proceedings. The SCAR challenges were rejected by the respective Hearing Officers and petitioners joined in bringing this proceeding. Supreme Court dismissed the petition and denied petitioners' subsequent motion for reconsideration, and petitioners now appeal.

In the SCAR proceedings, the respective petitioners relied upon evidence of their investment in the residential property comprised of the cost of acquisition of the lot, plus the cost of construction of the home, to demonstrate excessive assessment. The most reliable means of ascertaining the value of the property at issue for assessment purposes is market value (*see Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 240 [1977]). Market value is defined as "the selling price upon which a reasonably informed buyer and seller would agree, in an open market setting, neither of whom is acting under any constraint or compulsion regarding the transaction" (*Matter of Lupo v Board of Assessors of Town of Huron*, 10 Misc 3d 473, 474 [2005]; *see Matter of Kondrup v Assessor of Town of Binghamton*, 3 AD3d 625, 627 [2004]). In the absence of a recent arms-length sale of the property, the comparable sales method is the most reliable indicia of market value (*see Matter of Saratoga Harness Racing v Williams*, 91 NY2d 639, 643 [1998]; *Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 307 AD2d

669, 670 [2003]). Here, petitioners' evidence failed to sustain their burden of demonstrating that the respective assessments were excessive or unequal (*see Matter of Krzys v Town of Clifton Park*, 267 AD2d 658, 659 [1999]; *Matter of Meola v Assessor of Town of Colonie*, 207 AD2d 593, 594 [1994], *lv denied* 84 NY2d 812 [1995]). Moreover, given the Hearing Officers' discretion to consider a wide variety of sources and information in evaluating assessments, we conclude that the comparable sales information relied upon by the Town Assessor provided a rational basis for the SCAR determinations. Accordingly, we conclude that Supreme Court correctly dismissed this portion of the petition.

However, we reach a different conclusion as to that portion of the petition which attacks the Town's assessment methodology as being unconstitutional. As an initial matter, a challenge to a real property assessment methodology as unconstitutional is properly brought in a CPLR article 78 proceeding (*see Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d 1151, 1152 [1991]). Fundamentally, petitioners claim that the Town Assessor uses current market value to assess newly constructed homes but not older existing residential properties, thus creating two different classes of residential properties that are treated differently for purposes of taxation. It is well settled that all real property within a taxing unit must be assessed at a uniform percentage of value and, regardless of the methodology adopted by the Assessor, the result must reflect the realistic value of the property so that the tax burden of each property is equitable (*see Matter of Adams v Welch*, 272 AD2d 642, 643 [2000]). Respondents do not dispute petitioners' contentions regarding the method of assessment of newly constructed residences within the Town and assert that such method is permissible and does not constitute "selective assessment." Additionally, respondents contend that petitioners have failed to present sufficient proof of the alleged discriminatory assessment practice, requiring dismissal of the petitions. We disagree. Petitioners have adequately stated a viable claim and presented evidence which creates significant material issues of fact which should be resolved at trial. Petitioners' expert affidavit supports both the claim of different treatment to comparable properties and petitioners' request for additional discovery. Since we conclude that petitioners have provided more than mere conclusory statements in support of the allegations of discriminatory practices, we conclude that Supreme Court erred by dismissing the petition in this regard (*see Matter of Averbach v Board of Assessors of Town of Delhi, supra* at 1153).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur.

Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as dismissed petitioners' claim of discriminatory assessment practices and denied the requested discovery; matter remitted to the Supreme Court for discovery and further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.