■ In the Matter of CCM ASSOCIATES OF CLIFTON PARK, LLC, Appellant, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF CLIFTON PARK et al., Respondents. [853 NYS2d 209]—

Peters, J.

ITW Mortgage Investments IV, Inc. (hereinafter ITW) owned six separately assessed parcels which comprised Clifton Park Center, a shopping center in the Town of Clifton Park, Saratoga County. In 2004, ITW commenced an RPTL article 7 proceeding seeking to reduce respondent Town of Clifton Park's total assessment of $30 million on three of the six parcels for the 2004 tax year. Thereafter, ITW and the Town agreed to discontinue the proceeding pursuant to certain terms and conditions. ITW and the respondents therein, agreed, on July 24, 2004, that the assessment for the 2004-2005, 2005-2006 and 2006-2007 tax years will be set at $30 million for those three parcels. In so doing, the parties acknowledged that the provisions of RPTL 727 were inapplicable. To the extent that the assessments on those remaining tax years were also set at $30 million for those three parcels, the parties agreed that no "protests or petitions claiming overvaluation" would be commenced.*

With a March 1 taxable status date (*see* RPTL 301, 302), petitioner purchased the six shopping center parcels in April 2006 for $11.1 million. The purchase contract stated that ITW "has not initiated any proceedings to reduce the real estate tax assessment of the [p]roperty which will continue to be pending on the date of the [c]losing" and that ITW expressly disclaimed

---

* Petitioner also reserved its right to commence the appropriate proceedings should the assessment "exceed $30,000,000 for either 2005/06 and/or 2006/07 tax year(s), or should the subject property be destroyed or substantially damaged."

an assignment of its rights or obligations under the stipulation. Thereafter, petitioner sought to secure a reduction of the 2006 assessment from respondent Board of Assessment Review of the Town of Clifton Park, despite the fact that the three parcels identified in the stipulation were assessed a total of $30 million. In that application, petitioner alleged that the properties were overvalued and unequally assessed (*see* RPTL 706; *see generally* RPTL 701 [4], [8]). When petitioner failed to secure a reduction due to a lack of proof, petitioner commenced this RPTL article 7 proceeding. Before any discovery was commenced, petitioner moved for summary judgment, primarily relying upon its purchase price, multiplied by the Town's 2006 equalization rate. Respondents cross-moved to dismiss the petition, contending that petitioner was bound by the stipulation. Supreme Court denied petitioner's motion and partially granted respondents' cross motion by dismissing any challenge to the three parcels identified in the stipulation. Petitioner appeals.

Limiting our review to the issues raised before Supreme Court, we first address whether the stipulation between ITW and the Town precludes petitioner from challenging the 2006 assessment of the three parcels identified in the stipulation. Recognizing that ITW was the record owner of the subject property as of the March 1, 2006 taxable status date, we conclude that the stipulation of settlement applies (*see* RPTL 302; *Long Is. Power Auth. v Shoreham-Wading Riv. Cent. School Dist.*, 88 NY2d 503, 512 [1996]; *Matter of Alexander's Dept. Store of Val. Stream v Board of Assessors*, 227 AD2d 549, 549 [1996]; *Spiegel v Board of Assessors*, 161 AD2d 627, 629 [1990], *lv dismissed* 76 NY2d 889 [1990]). The Town assigned the assessed value contemplated by the stipulation.

We next review the terms of that stipulation to determine if the challenges made by petitioner survive. Viewing the clear and unambiguous language of the stipulation as solely precluding a challenge to an assessment based upon a claim of "overvaluation pursuant to [the] Real Property Tax Law," we find that while the overvaluation claim is precluded, the claim of unequal assessment on those three parcels is not (*see* RPTL 706). Next addressing whether petitioner sustained its prima facie burden to have judgment granted to it as a matter of law on that issue (*see* CPLR 3212; *Zuckerman v City of New York*, 49 NY2d 557 [1980]), we find its proffer insufficient. While we acknowledge the submission of evidence supporting its contention that it purchased the shopping center in 2006 in an arm's length transaction which is "not explained away as abnormal in any fashion" (*Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d

273, 277 [1975]), and that such evidence may well be "the best evidence of value" (*Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 307 AD2d 669, 670 [2003]), petitioner failed to submit sufficient evidence to establish its claim of unequal assessment on these three parcels (*see* RPTL 706; *Matter of Sofia v Assessor of Town of Eastchester*, 294 AD2d 509, 509-510 [2002]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as precluded a challenge to the assessment of the three parcels identified in the stipulation on the basis of unequal assessment, and, as so modified, affirmed.