In the Matter of ACE HARDWARE CORPORATION, Respondent, v MARJORIE LITTLE, as Assessor of the Town of Wilton, et al., Respondents, and SOUTH GLENS FALLS CENTRAL SCHOOL DISTRICT, Appellant. [853 NYS2d 682]—Cardona, P.J. 

In 1996, petitioner and the County of Saratoga Industrial Development Agency (hereinafter SIDA) entered into an agreement whereby SIDA agreed to purchase a parcel of land in the Town of Wilton, Saratoga County, build a warehouse facility on it, and lease the property to petitioner. In return, petitioner agreed to make annual payments in lieu of taxes (hereinafter PILOT), the amounts of which would be based upon the assessed value of the property. In 2000, petitioner and SIDA sold a small portion of the parcel to the State to be used as a State Police helipad. As a result of the sale, the assessment for the parcel was reduced by $3,000, i.e., from $31,848,800 to $31,845,800. Thereafter, petitioner filed a grievance with respondent Marjorie Little and respondent Board of Assessment Review of the Town of Wilton, requesting that the assessment be reduced because it was incorrectly valued. Subsequently, the assessment was reduced to $29,637,300.

In July 2003, petitioner commenced this RPTL article 7 proceeding challenging, among other things, the assessment of the parcel as excessive. Respondent South Glens Falls Central School District filed a notice of appearance and intervened in the proceeding. In June 2006, the School District moved to dismiss the petition. Supreme Court denied the motion, prompting this appeal by the School District.

During the pendency of this appeal, Supreme Court issued a decision which, among other things, dismissed the subject petition on the merits and a judgment to that effect was thereafter entered. Significantly, "[t]he right to take a direct appeal from an intermediate order terminates with the entry of a final judgment" (*Pixel Intl. Network v State of New York*, 255 AD2d 666, 666 [1998]) and, therefore, the instant appeal must be dismissed (*see Dolan v Jaeger*, 285 AD2d 844, 846 n 2 [2001]; *Pixel Intl. Network v State of New York, supra*).*

Carpinello, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, without costs.

---

* To the extent that the parties indicate that pivotal issues remain unresolved, we note that "an appeal from a final judgment brings up for review all interlocutory orders" (*Warnke v Warner-Lambert Co.*, 21 AD3d 654, 655 n 2 [2005]; *see* CPLR 5501 [a] [1]).