■ In the Matter of LCO Building LCC, Formerly Known as 189 Van Rensselaer, Respondent, v Bruna Michaux, as Assessor of City of Buffalo, et al., Appellants. [861 NYS2d 885]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 23, 2007 in a proceeding pursuant to RPTL article 7. The order granted petitioner's motion for summary judgment with respect to two tax years.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Petitioner commenced these proceedings seeking review of its real property tax assessments pursuant to RPTL article 7. Supreme Court erred in granting petitioner's motion for summary judgment. With respect to petitioner's assessment for the 2006-2007 tax year, petitioner contended that the assessment was "wholly without foundation" and had "no rational justification," and that the assessor's office singled out its property for an assessment increase "without any rational, non-discriminatory grounds." We conclude that petitioner failed to meet its initial burden on that part of the motion with respect to the 2006-2007 tax year inasmuch as it failed to submit competent evidence establishing that its assessment for that year resulted from selective assessment, i.e., a "discriminatory assessment practice" (*Matter of Montgomery v Board of Assessment Review of Town of Union*, 30 AD3d 747, 749 [2006]; *see Matter of Young v Town of Bedford*, 37 AD3d 729 [2007]). In support of the motion, petitioner submitted only an attorney's

affidavit in which the attorney asserted in a conclusory manner that the assessment for the 2006-2007 tax year appeared to be a "retaliatory reaction" by the assessor (*cf. Matter of Stern v Assessor of City of Rye*, 268 AD2d 482, 483 [2000]). Although petitioner submitted reply papers setting forth admissible evidence in support of its contention with respect to that tax year, it is well established that reply papers "are not considered in evaluating whether [the movant] met [its] initial burden" (*Wonderling v CSX Transp., Inc.*, 34 AD3d 1244, 1245 [2006]; *see Seefeldt v Johnson*, 13 AD3d 1203, 1203-1204 [2004]). "The tax assessment by the taxing authority is presumptively valid" (*Fusco v Assessor of City of Utica*, 178 AD2d 995, 995 [1991]), and we conclude that the conclusory affidavit of petitioner's attorney is insufficient to defeat the presumptive validity of the assessment for the 2006-2007 tax year (*id.* at 995-996).

We further conclude that the court erred in granting that part of the motion of petitioner with respect to its assessment for the 2005-2006 tax year. Even assuming, arguendo, that petitioner is correct that the assessor made a private recommendation to the Board of Assessment Review with respect to petitioner's assessment for that tax year, in contravention of the hearing procedures set forth in RPTL 525 (2) (a), we conclude that the court's reduction of the assessment from $18,000,000 to $11,000,000 for petitioner's property for that tax year is not supported by the requisite substantial evidence (*see Fusco*, 178 AD2d at 995). Petitioner submitted no appraisal or other expert proof of the market value of its property in support of its motion for summary judgment and thus "failed to tender evidence in admissible form 'sufficiently to warrant the court as a matter of law in directing judgment' in [its] favor" (*id.*, quoting CPLR 3212 [b]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.