■ In the Matter of ACE HARDWARE CORPORATION, Appellant, v MARJORIE LITTLE, as Assessor of the Town of Wilton, et al., Respondents. (And Another Related Proceeding.) [881 NYS2d 211]—

Cardona, P.J. Appeal from an order and judgment of the Supreme Court (Ferradino, J.), entered February 6, 2008 in

Saratoga County, which dismissed petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce the 2003 and 2004 tax assessments on certain real property leased by petitioner.

The underlying facts of this case are set forth in a prior decision of this Court (49 AD3d 1008 [2008]). Briefly, petitioner challenges the 2003 and 2004 real property tax assessments of property it leases in the Town of Wilton, Saratoga County, which is owned by the County of Saratoga Industrial Developmental Agency (hereinafter SIDA), and is improved by an approximately 798,640 square foot warehouse facility with a 22,930-square-foot two-story office/cafeteria complex. As relevant herein, the lease agreement between petitioner and SIDA includes petitioner's consent to make annual payments in lieu of taxes, the amounts of which would be based upon the assessed value of the property. In 2000, a small portion of the parcel was sold and, as a result, the assessment for the property was reduced by $3,000, i.e., from $31,848,800 to $31,845,800. Thereafter, petitioner filed a grievance requesting an assessment reduction, whereupon it was reduced to $29,637,300.

In July 2003, petitioner commenced the first of these proceedings pursuant to RPTL article 7 challenging, among other things, the assessment of the parcel by respondent Board of Assessment Review of the Town of Wilton as excessive. Respondent South Glens Falls Central School District filed a notice of appearance and intervened in the proceeding. In July 2004, there was a revaluation in the Town of Wilton and the Board raised the assessment to $35,100,000, which petitioner challenges in the second of these proceedings. Subsequently, in June 2006, the School District moved to dismiss the 2003 petition and Supreme Court denied that motion. This Court dismissed the School District's subsequent appeal from that interlocutory order on the basis that, in the interim, a final order and judgment had been issued (49 AD3d 1008 [2008], *supra*). Supreme Court dismissed both proceedings on the merits following a trial, prompting this appeal by petitioner.

Notably, in tax certiorari proceedings, property valuations performed by a tax assessor are presumed to be valid; however, the presumption may be rebutted if the petitioner presents substantial evidence to the contrary (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998]). In the event the presumption is rebutted, the petitioner must then "demonstrate by a preponderance of the evidence that the subject property has been overvalued" (*Matter of Gordon v Town of Esopus*, 59 AD3d 896, 897 [2009], *appeal dismissed* 12 NY3d

848 [2009]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188). Upon appellate review, it is the Court's function to "review the trial court's finding to determine whether it is supported by or against the weight of the evidence" (*Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d 963, 964 [2009], *lv denied* 12 NY3d 709 [2009] [internal quotation marks and citations omitted]).

Here, assuming arguendo, that petitioner made a sufficient initial showing to rebut the presumption of validity, we find that Supreme Court did not err in concluding that petitioner failed to demonstrate by a preponderance of the evidence that the assessments for the 2003 and 2004 tax years were overvalued. In support of these proceedings, petitioner submitted appraisal reports from John Coyle, a real estate broker and certified real estate appraiser. At trial, Coyle testified that the value of the subject property as of January 1, 2003 was $23,600,000 and, as of January 1, 2004, was $23,800,000. In preparing his reports, Coyle testified that he utilized a sales comparison approach, as well as a "reconstruction cost approach" method which Coyle admitted was not included in the treatises traditionally relied upon by real estate appraisers. Following the submission of testimony regarding that methodology, Supreme Court found that approach to be inappropriate and struck that portion of his report and testimony.

With respect to the sales comparison analysis utilized by Coyle, he identified several sales he claimed supported his valuation. However, the properties cited by Coyle were dissimilar to the subject property in size and age and Supreme Court was unpersuaded by the adjustments that Coyle attempted to make to account for those differences. Furthermore, since two of the sales selected by Coyle involved companies under financial distress, the court found that their sale prices were "not an accurate reflection of market value" (*see Matter of Friar Tuck Inn of Catskills v Town of Catskill*, 2 AD3d 1089, 1090 [2003]; *Matter of Villa Roma Country Club v Fulton*, 301 AD2d 911, 912 [2003]).

In contrast to petitioner's evidence, the Board's appraiser, Barry Herbold, testified that he arrived at his assessments by utilizing a sales comparison approach, a reproduction cost approach and an income capitalization approach, all of which have been recognized as accepted and appropriate methodologies (*see Matter of Lia v Town of Niskayuna*, 300 AD2d 876, 877 [2002]). Herbold testified that all three approaches were applicable because he found comparable distribution warehouses in the Northeast with available lease and sales data to make his

comparisons to the subject property. With respect to the utilization of the sales comparison approach, Supreme Court specifically concluded that Herbold's appraisal was "more reasonable and credible" than that of Coyle. Herbold's report assessed five sales that he indicated were comparable to the subject property in location, construction, age, condition, layout, ceiling heights and equipment and ranged from approximately 500,000 square feet to 1,500,000 square feet. In examining Herbold's analysis, the court opined that he utilized appropriate adjustments for any variations. As for the other valuation methods employed by Herbold, the court found them to be appropriate. Herbold stated that he utilized a reproduction cost approach because he was given "actual known construction costs" due to the building being "practically new" and trended the costs upward to account for the time between the date construction was completed and his valuation date. With respect to his income capitalization analysis, Herbold utilized five similar leases in rendering his conclusions and adjusted for any differences in comparison to the subject property.

In concluding that petitioner had not met its burden by a preponderance of the evidence, Supreme Court determined that Herbold's reconciliation of the valuation approaches was more reasonable, credible and thorough than the conclusions of Coyle. Given the record proof and "deferring to Supreme Court's resolution of the credibility question created by the appraisers' conflicting opinions" (*Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d 1094, 1096 [2008], *lv denied* 11 NY3d 710 [2008]; *see Matter of Eckerd Corp. v Semon*, 44 AD3d 1232, 1233 [2007]), we find that the court's conclusions were not against the weight of the evidence (*see Matter of Gibson v Gleason*, 20 AD3d 623, 626 [2005], *lv denied* 5 NY3d 713 [2005]).

Petitioner's remaining arguments stemming from Supreme Court's order and judgment have been examined and found to be unavailing. Lastly, in light of our conclusion that the petitions were properly dismissed, it is unnecessary to consider the School District's alternative arguments in support of affirmance.

Mercure, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order and judgment is affirmed, without costs.