■ In the Matter of the Estate of RISSIA ORLOWA, Also Known as RAISA ORLOVA, Deceased. CATHY BARRINGER, Petitioner; NANCY FEDORESHENKO, Appellant, et al., Respondent. ATTORNEY GENERAL OF THE STATE OF NEW YORK et al., Respondents. [894 NYS2d 777]—Spain, J. Appeals from three orders of the Surrogate's Court of Ulster County (Work, S.), entered July 11, 2008, August 18, 2008 and November 25, 2008, which, among other things, dismissed respondent Nancy Fedoreshenko's motion pursuant to SCPA 1404 to examine witnesses.

In January 2008, Rissia Orlowa (hereinafter decedent) died in the City of Kingston, Ulster County and petitioner, the nominated executor, offered the will for probate to Ulster County Surrogate's Court. Thereafter, respondent Nancy Fedoreshenko (hereinafter respondent), daughter of decedent, filed a petition seeking letters of administration, objecting to the will on the grounds that decedent was not of sound mind, decedent was subject to undue influence and possible fraud, the will was improperly executed and petitioner is unqualified or disqualified by law.

Respondent made various pretrial motions, which were resolved in three separate orders by Surrogate's Court. Respondent appealed from these interlocutory orders. However, on January 25, 2010, Surrogate's Court rendered and entered a final decision and order in this matter that dismissed respondent's petition for letters of administration and her objections to the will, admitted the will to probate, directed the issuance of

letters testamentary to petitioner and granted respondent poor person status, directing repayment of the fees for filing her objections and petition.

"The right to take a direct appeal from an intermediate order terminates with the entry of a final judgment in the action" (*Pixel Intl. Network v State of New York*, 255 AD2d 666 [1998]; *see Matter of Ace Hardware Corp. v Little*, 49 AD3d 1008, 1009 [2008]). Accordingly, the instant appeal must be dismissed; remaining issues requiring resolution, if any, must await an appeal from the final judgment that would bring up for review all interlocutory orders (*see* CPLR 5501 [a] [1]; *Matter of Ace Hardware Corp. v Little*, 49 AD3d at 1009 n; *Dolan v Jaeger*, 285 AD2d 844, 846 n 2 [2001]).

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the appeals are dismissed, without costs.