■ In the Matter of NORTHERN PINES MHP, LLC, Respondents, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF MILTON et al., Appellants. [898 NYS2d 361]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered April 2, 2009 in Saratoga County, which granted petitioner's application, in a proceeding pursuant to RPTL article 7, to challenge the tax assessments on certain real property owned by petitioner.

Petitioner is the owner of two mobile home parks located in the Town of Milton, Saratoga County. The mobile home parks, known as Northern Pines and Milton Knolls (hereinafter collectively referred to as the property), total over 106 acres and consist of 241 mobile units. In 2006, respondent Assessor of the Town of Milton assessed both sites at a combined full market value of $8,278,100. Petitioner commenced this RPTL article 7 proceeding challenging that valuation claiming that it was excessive and not an accurate reflection of the property's fair market value as of the July 1, 2005 tax status date. After a nonjury trial, during which each side introduced competing expert ap-

praisals of the property's fair market value, Supreme Court granted petitioner's application and adopted its appraisal, which placed the property's fair market value at $5,950,000.[1] The court ordered respondents to refund any excess taxes paid on the property along with costs and disbursements incurred by petitioner in initiating this proceeding. Respondents now appeal.

A value placed on a property by a tax assessor is presumed to be valid (*see Matter of Corvetti v Winchell*, 51 AD3d 47, 49 [2008]; *Matter of State of New York v Town of Hardenburgh*, 273 AD2d 769, 771-772 [2000]) and that presumption can only be overcome if substantial evidence is presented establishing that the assessment is, in fact, in error (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 189 [1998]; *Matter of Ace Hardware Corp. v Little*, 63 AD3d 1345, 1346 [2009]). This presumption can be overcome by the "submission of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 933 [2006] [internal quotation marks and citations omitted]; *see Matter of Corvetti v Winchell*, 51 AD3d at 49). Here, the expert appraisal submitted by petitioner served to rebut this presumption and establish that a credible dispute existed between the parties regarding the fair market value of this property (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 199 [1998]; *Matter of Gibson v Gleason*, 20 AD3d 623, 625 [2005], *lv denied* 5 NY3d 713 [2005]).

Having rebutted this presumption, petitioner was required to demonstrate—and Supreme Court found that it had—by a preponderance of the credible evidence introduced at trial that the "subject property has been overvalued" (*Matter of Gordon v Town of Esopus*, 59 AD3d 896, 897 [2009], *appeal dismissed* 12 NY3d 848 [2009], *lv granted* 13 NY3d 703 [2009]; *see Matter of General Elec. Co. v Assessor of Town of Rotterdam*, 54 AD3d 469, 471 [2008], *lv denied* 11 NY3d 711 [2008]). In arriving at this determination, the court was required to " 'weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner had established by a preponderance of the evidence that its property had been overvalued' " (*Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 720 [2003], *lv denied* 1 NY3d 505 [2003], quoting *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188). Our review of such a determination must neces-

---

1. Respondents' appraisal placed the property's fair market value at $9,055,300.

sarily defer to Supreme Court in its resolution of any credibility issues that have been generated by the conflicting expert opinions (*see Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d 1094, 1096 [2008], *lv denied* 11 NY3d 710 [2008]; *Matter of Eckerd Corp. v Gilchrist*, 44 AD3d 1239, 1240-1241 [2007], *lv denied* 10 NY3d 707 [2008]) and is limited to whether the court's determination of the fair market value of the subject property is " 'supported by or against the weight of the evidence' " (*Matter of Ace Hardware Corp. v Little*, 63 AD3d at 1347, quoting *Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d 963, 964 [2009], *lv denied* 12 NY3d 709 [2009]).

Supreme Court, in adopting petitioner's appraisal to determine the property's fair market value, focused on the extensive experience of petitioner's appraiser in the mobile home industry, his detailed documentation of the character and configuration of each mobile home located on the property, his use of four mobile home parks that were similar in size to the property in his market comparison analysis, his reliance on figures in his income analysis that were based on the income actually generated by the property and his use of a capitalization rate (13.59%) that was supported by documentary evidence introduced at trial. These factors, coupled with the court's finding that there was no support in the record for respondents' position that the property had tripled in value since it was purchased four years earlier, provide ample support for the court's decision adopting petitioner's appraisal as the more accurate assessment of the property's fair market value.

In that regard, it should be noted that Supreme Court rejected respondents' appraisal as not being a credible assessment of the property's fair market value because it did not include an individual appraisal of each mobile home located on this site but, instead, resorted to "limited spot measurements" to determine their value. The court also noted that respondents' appraiser, by his own admission, had little prior experience in preparing appraisals regarding the value of mobile home parks and had not actually visited the property in connection with the preparation of this appraisal.[2] It also found that respondents' appraiser used dated comparable sales in his market comparison analysis and failed to present any evidence that the sale of the property in August 2001 for $3,000,000 was not an arm's length transaction between a willing buyer and a willing seller (*see Matter of CCM Assoc. of Clifton Park, LLC v Board of Assessment Review of*

---

**2.** Respondents' appraiser had an assistant visit the property and sign the appraisal, but this assistant was not called to testify at trial.

*Town of Clifton Park*, 49 AD3d 941, 942-943 [2008]; *Matter of Niagara Mohawk Power Corp. v Town of Moreau Assessor*, 307 AD2d 669, 670 [2003]).

On these facts, and giving due deference to Supreme Court's authority to resolve credibility disputes that exist between experts that appear before it, we cannot conclude that it abused its discretion in adopting as credible the findings and conclusions as set forth in petitioner's appraisal (*see Matter of General Elec. Co. v Assessor of Town of Rotterdam*, 54 AD3d at 475-476; *Matter of City of Troy v Town of Pittstown*, 306 AD2d at 721). Respondents' remaining claims regarding Supreme Court's evidentiary rulings have been reviewed and found to be lacking in merit.

Spain, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.