■ In the Matter of RICHARD T. CORVETTI, Petitioner, and DIANE M. CORVETTI, Appellant, v EDWARD WINCHELL, as Assessor of the Town of Lake Pleasant, Respondent. (And Five Other Related Proceedings.) [906 NYS2d 172]—

Egan Jr., J. Appeal from an order of the Supreme Court (Aulisi, J.), entered April 17, 2009 in Hamilton County, which dismissed petitioner's applications, in six proceedings pursuant to RPTL article 7, to reduce the 2000 through 2005 tax assessments on certain real property owned by petitioner Diane M. Corvetti.

Petitioner Diane M. Corvetti (hereinafter petitioner) is the owner of a parcel of real property located on South Shore Road in the Town of Lake Pleasant, Hamilton County.[1] The property consists of just over 51 acres of largely forested land improved by a 3,266-square-foot residence and 2,700 feet of lake frontage. Petitioners brought these proceedings challenging the annual tax assessments of the property. In cross appeals filed by the parties from an order resolving their motions for summary judgment, this Court found that petitioner rebutted the presumption of validity of respondent's tax assessments for the years 2000, 2001, 2002 and 2003 (51 AD3d 47 [2008]). Following a nonjury trial, Supreme Court now determined that petitioner had submitted substantial evidence to overcome the presumption of validity of respondent's property valuations for the years 2004 and 2005. However, the court dismissed petitioner's six applications finding that she had not demonstrated by a preponderance of the evidence that the property was overvalued. The

---

1. The property in question has been placed exclusively in petitioner's name and petitioner Richard T. Corvetti is not a party to this appeal.

court found that petitioner's appraisal methodology was flawed when, in appraising the forest land portion of the subject parcel, her appraiser limited his selection of comparable properties to others with an RPTL 480-a exemption and failed to consider other nonexempt properties. Petitioner now appeals and we reverse.

Inasmuch as petitioner submitted a detailed appraisal prepared by a qualified appraiser that utilized standard appraisal techniques, she met her burden of overcoming the presumption of validity of the tax assessments (*see Matter of Gibson v Gleason*, 20 AD3d 623, 625 [2005], *lv denied* 5 NY3d 713 [2005]). Petitioner then had the burden of demonstrating by a preponderance of the evidence that the property was overvalued (*see Matter of General Elec. Co. v Assessor of Town of Rotterdam*, 54 AD3d 469, 471 [2008], *lv denied* 11 NY3d 711 [2008]; *Matter of Norton Co. v Assessor of City of Watervliet*, 3 AD3d 760, 760-761 [2004]). To determine whether a petitioner has satisfied this burden, the court "must weigh the entire record, including evidence of claimed deficiencies in the assessment" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]; *accord Matter of NYCO Mins. v Town of Lewis*, 296 AD2d 748, 749 [2002], *lv dismissed and denied* 99 NY2d 576 [2003]). Upon appellate review of a trial court's determination as to whether a petitioner has demonstrated that a property has been overvalued, it is this Court's function to "review the trial court's finding to determine whether it is supported by or against the weight of the evidence" (*Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d 963, 964 [2009], *lv denied* 12 NY3d 709 [2009] [internal quotation marks and citations omitted]; *accord Matter of Ace Hardware Corp. v Little*, 63 AD3d 1345, 1347 [2009]; *see Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 932 [2006]).

To demonstrate that her property was overvalued, petitioner offered the testimony and appraisal reports of Donald Fischer, a qualified real estate appraiser. Fischer concluded that the subject property consisted of three different types of land uses: the three acres that contained the residence, the designated wetlands area consisting of three acres, and the managed forest lands consisting of the remaining 45 acres. In using a sales comparison approach to valuing the property, Fischer could not, in his opinion, find sufficient comparable sales of property with all three uses and, as a result, separated the forest land, wetlands and residential portions into three separate components and used a sales comparison approach to value each separately. In searching for similar properties to the forest land

portion, Fischer utilized comparable properties that carried a tax exemption under RPTL 480-a[2] because the property's forest land portions also enjoyed this exemption. Based on his calculations, Fischer valued the managed forest land portion at $26,000 in 2000, $26,500 in 2001, $27,500 in 2002, $28,500 in 2003, $39,000 in 2004 and $40,000 in 2005. Fischer then added these values to the separate values he found for the wetlands and residential portions of the property for each year. Using this method, Fischer arrived at an overall valuation for the subject property of $550,000 for 2000, $570,000 for 2001, $590,000 for 2002, $620,000 for 2003, $700,000 for 2004 and $735,000 for 2005.

In contrast, respondent's appraiser, Terry Horrocks, while noting the presence of the wetlands and managed forest lands, concluded that the current use of the entire property was residential with additional acreage supporting a lesser forestry use and a highest and best use as a single family residence combined with limited residential subdivision. Concluding that RPTL 480-a—or managed forest land designation—did not impact the value of the property, Horrocks utilized comparable sales of residences with lake frontage and additional acreage. Horrocks valued the property's fair market value at $1,450,000 in 2000 and 2001, $1,685,000 in 2002, $1,775,000 in 2003, $1,850,000 in 2004 and $1,900,000 in 2005.

Forest land certified by the Department of Environmental Conservation under RPTL 480-a is used, for real property tax assessment purposes, as forest land and must be assessed based on that use (*see Matter of Gordon v Town of Esopus*, 15 NY3d 84, 89-90 [2010]). Petitioner's appraiser correctly considered like forest lands that carried RPTL 480-a certification as comparable properties and correctly valued that portion of petitioner's property. In contrast, respondent's appraiser, who valued the entire parcel as having a highest and best use as a residence with limited residential subdivision, did not distinguish petitioner's forest lands from the residential portion of the property, and did not compare petitioner's forest lands to other like properties. Because petitioner's appraiser adopted the correct methodology, and there was no evidence that contradicted or cast doubt upon the validity of his opinions, and because the fair market values submitted, even with application of the ap-

---

**2.** Under RPTL 480-a, property owners of eligible forest land may submit a management plan for approval by the Department of Environmental Conservation and certify that the land will be used for continuing forest crop production for the next 10 years (*see* RPTL 480-a [1] [a], [b]). If found eligible, the property owner receives an 80% tax exemption (*see* RPTL 480-a [4] [a]).

propriate equalization rates,[3] are less than the challenged assessments, Supreme Court erred in determining that petitioner had not demonstrated that the property was overvalued.

Petitioner's remaining arguments, including that Supreme Court erred in precluding her from submitting evidence that respondent had incorrectly calculated the specific RPTL 480-a exemptions for the subject years, are not properly before this Court because petitioner conceded at trial that her claims regarding the methodology of imposing the RPTL 480-a exemption were the subject of a separate CPLR article 78 proceeding that had been bifurcated.[4]

Peters, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, petitions granted, and matters remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

**3.** Supreme Court found the applicable equalization rates to be 100% in 2000, 96.20% in 2001, 93.89% in 2002, 100% in 2003, 100% in 2004, and 85.36% 2005.

**4.** Calculations of the correct amount of petitioner's RPTL 480-a exemption for the years 2000 through 2005 is, in any event, quite simple in this case. While ordinarily calculation of the amount of the exemption for a single parcel of land containing both certified managed forest lands and other noncertified lands would require the proportions of value to be mathematically broken down, in this case, petitioner's appraiser's decision to separately value the 45 acres of forest lands has already accomplished this task. Calculation of the exemption for these 45 acres will simply entail multiplying each year's market value as found by the appraiser by that year's applicable equalization rate and then imposing the 80% exemption to achieve the correct annual assessment.