*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                516152
_____

In the Matter of HIGHBRIDGE
    DEVELOPMENT BR, LLC,
                        Appellant,

        v

ASSESSOR OF THE TOWN OF
    NISKAYUNA et al.,                      MEMORANDUM AND ORDER
                        Respondent,
        and

SOUTH COLONIE CENTRAL SCHOOL
    DISTRICT
                        Respondent.

(And Two Other Related Proceedings.)
_____


Calendar Date:  September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

                        _____


        Parisi, Coan & Saccocio, PLLC, Schenectady (Brian D. Mercy,
Schenectady, of counsel), for appellant.

        Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of
counsel), for South Colonie School District, respondent.


                        _____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Reilly Jr.,
J.), entered October 31, 2012 in Schenectady County, which
dismissed petitioner's applications, in three proceedings
pursuant to RPTL article 7, to reduce the 2008, 2009 and 2010 tax
assessments of certain real property located in the Town of

Niskayuna.

Petitioner owns a 12.33-acre parcel of real property located in the Town of Niskayuna, Schenectady County. The property, which had previously been used as an adult retirement home and received tax exempt status, was sold to petitioner in May 2008 for $3.5 million in a simultaneous transaction in which petitioner contracted to resell the property for $7.5 million. For reasons not relevant here, such resale was not consummated and petitioner retained title. After receiving notice of the sale of the property to petitioner, respondent Assessor of the Town of Niskayuna notified petitioner in November 2008 that the property was no longer tax exempt and would be taxed for the 2008 tax year on its $3.1 million assessed value. The Assessor thereafter assessed the property at $3.1 million for the 2009 tax year and $3.5 million for tax year 2010.

Petitioner commenced these proceedings pursuant to RPTL article 7 challenging the 2008, 2009 and 2010 tax assessments. Supreme Court denied petitioner's pretrial motion for summary judgment on its petitions for the 2008 and 2009 tax years, and reserved decision on respondents' motion to dismiss the 2009 and 2010 petitions for failure to timely serve respondent South Colonie School District (hereinafter SCCSD) pursuant to RPTL 708 (3). A nonjury trial ensued, during which each side presented testimony from an appraiser and competing expert appraisals of the property's fair market value. Supreme Court dismissed the 2008 petition for failure to exhaust administrative remedies, the 2009 petition on the merits and the 2010 petition for failure to timely serve notice upon the appropriate school district. Petitioner appeals, and we affirm.

Supreme Court properly dismissed the 2010 proceeding for failure to comply with RPTL 708 (3). It is undisputed that petitioner failed to serve a copy of the 2010 notice of petition and petition upon the superintendent of SCCSD, the school district within which the subject property is located, within 10 days of service of the petition upon the Assessor, as required by RPTL 708 (3). Failure to strictly comply with the statute's notice requirements "shall result in the dismissal of the petition, unless excused for good cause shown" (RPTL 708 [3]).

No such showing has been made here.  Petitioner was aware that SCCSD was the proper school district, having previously served SCCSD with the 2008 petition and engaged in litigation with it in connection with that proceeding, and "[t]he mistake or omission of . . . petitioner's attorney does not constitute 'good cause shown' within the meaning of RPTL 708 (3) to excuse . . . petitioner's failure to comply" (Matter of Wyeth Holdings Corp. v Assessor of the Town of Orangetown, 84 AD3d 1104, 1106 [2011] [internal quotation marks and citation omitted]; see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining, 19 NY3d 869, 871 [2012]).  Nor may noncompliance with the statute be excused on the ground that SCCSD has not been prejudiced thereby (see Matter of Board of Mgrs. of Copley Ct. Condominium v Town of Ossining, 19 NY3d at 871; Matter of Gatsby Indus. Real Estate, Inc. v Fox, 45 AD3d 1480, 1481 [2007]; Matter of Orchard Hgts., Inc. v Yancy, 15 AD3d 854, 854 [2005], lv denied 4 NY3d 710 [2005]).

Turning to petitioner's challenges to the 2008 and 2009 tax assessments, we first conclude that Supreme Court properly denied its motion for summary judgment.  Our analysis begins with the recognition that property valuations by a municipal tax assessor are presumed to be valid (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187 [1998]; Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 196 [1998]).  A property owner may overcome this presumption by proffering substantial evidence that the assessment is erroneous, which is often accomplished by submission "of a detailed, competent appraisal, based on standard, accepted appraisal techniques and prepared by a qualified appraiser, demonstrat[ing] the existence of a genuine dispute concerning valuation" (Matter of OCG L.P. v Board of Assessment Review of the Town of Owego, 79 AD3d 1224, 1225 [2010] [internal quotation marks and citations omitted]; see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d at 196; Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d 1232, 1234 [2013]; Matter of Rite Aid Corp. v Otis, 102 AD3d 124, 126 [2012], lv denied 21 NY3d 855 [2013]).  Here, in support of its motion for summary judgment, petitioner submitted only an attorney's affidavit that asserted in a conclusory manner that the property had been overvalued (see Matter of LCO Bldg. LCC v

Michaux, 53 AD3d 1062, 1062-1063 [2008], lv dismissed 11 NY3d 837 [2008]; Fusco v Assessor of City of Utica, 178 AD2d 995, 995 [1991]).[1]  Having failed to proffer substantial evidence on the motion to overcome the presumptive validity of the challenged assessments, petitioner was not entitled to relief at the summary judgment stage.

At trial, petitioner offered the expert appraisal reports and testimony of a certified real estate appraiser, who utilized the sales comparison methodology to value the property at $1.3 million for the 2008 tax year and $1.4 million for the 2009 tax year.  This evidence was sufficient to rebut the presumption of validity and establish a credible dispute between the parties regarding valuation (see Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d at 1236; Matter of Corvetti v Winchell, 75 AD3d 1013, 1014 [2010], lv denied 16 NY3d 701 [2011]; Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton, 72 AD3d 1314, 1315-1316 [2010]).  Supreme Court was then required to "weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188; see Matter of Rite Aid Corp. v Otis, 102 AD3d at 126; Matter of Eckerd Corp. v Semon, 35 AD3d 931, 932 [2006]).  "Our review of such a determination must necessarily defer to Supreme Court in its resolution of any credibility issues that have been generated by the conflicting expert opinions[,] and is limited to whether the court's determination of the fair market value of the subject property is supported by

_____

    [1]  Although petitioner tendered the affidavit of a general contractor in its reply papers, such affidavit — even if properly considered on the motion — addressed only the value of the building situated on the property, rather than the value of the property as a whole (see Real Property Tax Law § 502 [3]; Matter of Johnson v Kelly, 45 AD3d 687, 688 [2007]; Matter of Young v Town of Bedford, 37 AD3d 729, 730 [2007]; see generally Matter of Shubert Org. v Tax Commn. of City of N.Y., 60 NY2d 93, 96-97 [1983]).

or against the weight of the evidence" (Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton, 72 AD3d at 1315-1316 [internal quotation marks and citations omitted]; see Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County, 106 AD3d 1306, 1307 [2013]; Matter of General Elec. Co. v Assessor of Town of Rotterdam, 54 AD3d 469, 471-472 [2008], lv denied 11 NY3d 711 [2008]).

Here, both appraisers utilized the sales comparison approach in arriving at a value for the subject property based upon its highest and best use as vacant land in transition to retail development. Petitioner's appraiser placed the property's fair market value at $1.3 million for the 2008 tax year and $1.4 million for the 2009 tax year, while respondents' appraiser valued the property at $3.5 million for both years. In rejecting petitioner's appraisal as not being an accurate assessment of the property's fair market value, Supreme Court specifically relied upon the recent sale of the property as the best indicator of value. It is well settled that "[t]he best evidence of value . . . is a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992]; see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 189; W.T. Grant Co. v Srogi, 52 NY2d 496, 511 [1981]; Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d 963, 966 [2009], lv denied 12 NY3d 709 [2009]). Although petitioner's appraiser testified that he did not rely upon the recent sale of the subject property as a comparable because he believed that other factors affected the sale price, his report is devoid of any reference to or analysis of such factors (see 22 NYCRR 202.59 [g] [2]), and Supreme Court rejected as speculative the testimony that other considerations affected the actual purchase price of the transaction. Respondents' appraiser, on the other hand, utilized the recent sale of the subject property in his analysis and concluded that the $3.5 million purchase price best reflected the property's fair market value, emphasizing that the additional three sales he analyzed and compared were consistent with his valuation (see Matter of Rite Aid Corp. v Otis, 102 AD3d at 127; Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady, 51 AD3d 1094,

1095 [2008], lv denied 11 NY3d 710 [2008]).  According appropriate deference to Supreme Court's resolution of the credibility disputes generated by the parties' conflicting expert opinions, we find that the court's decision to credit the findings and conclusions set forth in respondents' appraisal was not against the weight of the evidence (see Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta, 75 AD3d 950, 952 [2010]; Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton, 72 AD3d at 1316-1317; Matter of Ace Hardware Corp. v Little, 63 AD3d 1345, 1348 [2009]; Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady, 51 AD3d at 1095).

In light of our conclusion, we need not address SCCSD's alternative arguments in support of affirmance.

Stein, Garry, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court