■ In the Matter of GOLUB CORPORATION/PRICE CHOPPER OPERATING COMPANY, INC., et al., Appellants, v ASSESSOR OF THE TOWN OF QUEENSBURY et al., Respondents. (And Five Other Related Proceedings.) [723 NYS2d 724] —Carpinello, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered April 10, 2000 in Warren County, which dismissed petitioners' applications, in six proceedings pursuant to RPTL article 7, to review respondents' determinations regarding their real property assessments.

These proceedings arise out of petitioners' challenge to real property tax assessments for tax years 1993 through 1998 for their supermarket located in the Town of Queensbury, Warren County. The property tax assessments for the first five years at issue were all $3,831,000. After petitioners expended approximately $4,765,000 renovating the supermarket and incorporating almost 35,000 square feet of previously vacant space in the building into the market, thereby bringing its total usable floor area to over 85,000 square feet, the assessment for the last year was increased to $4,559,000. At a non-jury trial, petitioners and respondents each presented the testimony of an expert appraiser whose opinions of the market value for the subject property for the years in question were supported by lengthy appraisals. Both of these appraisals were admitted into evidence. In arriving at their respective opinions of value, both appraisers relied primarily on the income capitalization approach, although each also used the sales comparison approach to support their findings. In addition to these two methods, respondents' appraiser also used the cost approach in his analysis. Supreme Court, in a detailed written decision, concluded that respondents' appraisal, which estimated market values for each of the years in question above the challenged assessments, was "more reflective of the true * * * value" of the property than petitioners' appraisal and accordingly dismissed the petitions. Petitioners appeal and we affirm.

Upon a review of the record, we find no basis to deviate from the general rule of according "due deference to Supreme Court's power to resolve credibility issues by choosing among conflicting expert opinions" (*Robinson Saw Mill Works v Speilman*, 265 AD2d 604, 607). That is especially so under the circumstances of this case where *none* of the comparables employed by petitioners' appraiser in his income capitalization approach

were grocery stores.* In stark contrast, respondents' appraiser evaluated the leases of 14 comparably sized supermarkets, several of which were owned by petitioners themselves, in reaching his opinion of value.

We are also unpersuaded by the arguments proffered by petitioners on appeal which relate to alleged deficiencies in respondents' appraisal. First, petitioners allege that respondents' appraisal fails to offer an opinion of value for each of the years in question. While the appraisal does offer one value for the property before renovation and a second value after renovation, the cover letter, bound with the appraisal, clearly recites that the before-renovation value covered the period from "1993 through 1997."

Nor do we find any merit to petitioners' contention that respondents' appraisal fails to recite the requisite "facts, figures and calculations" to support its conclusions of value (22 NYCRR 202.59 [g] [2]). While it is true that "the submission of an appraisal without ascertainable or verifiable data supporting the appraiser's conclusions of value constitute[s] a violation of 22 NYCRR 202.59 (g) (2)" (*Matter of Orange & Rockland Utils. v Williams*, 187 AD2d 595, 596), "[t]he reasoning behind this rule is that a failure to disclose such facts and source materials at the appraisal stage will effectively deny opposing counsel the opportunity to adequately prepare for cross-examination" (*Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor*, 225 AD2d 841, 843). In this regard, we wholeheartedly agree with Supreme Court's conclusion that respondents' appraisal sufficiently identified the properties their appraiser used as comparables and adequately set forth his adjustments and calculations such that petitioners were in no way prejudiced.

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* On direct examination, petitioners' appraiser acknowledged that the income capitalization approach was "by far the best indicator of value."