■ In the Matter of ECKERD CORPORATION, Respondent, v CHRIS SEMON, as Assessor of the Town of Colonie, et al., Appellants, et al., Respondent. (And Another Related Proceeding.) [844 NYS2d 468]—

Spain, J. Appeals (1) from an order and judgment of the Supreme Court (Teresi, J.), entered September 29, 2006 in Albany County, which, among other things, granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to reduce tax assessments on certain real property leased by petitioner, and (2) from an order of said court, entered November 6, 2006 in Albany County, which denied certain respondents' motion to vacate a prior order and judgment of the court.

The subject of these RPTL article 7 proceedings is an approximately five-acre parcel of property located at the corner of Albany Shaker Road and Osborne Road in the Town of Colonie, Albany County, improved by a freestanding Eckerd retail drug store with a drive-through window and a parking lot. The property was assessed by the Town of Colonie at $2,300,000 for both 2004 and 2005. Petitioner commenced these proceedings challenging those assessments. Following a nonjury trial in Supreme

Court (Spargo, J.), the case was reassigned and the court (Teresi, J.)—on the parties' consent to issue a decision—adopted petitioner's proposed findings of fact and conclusions of law and assessed the property, in conformity with petitioner's appraiser's report, at $1,860,000 for 2004 and $1,870,000 for 2005.

Prior to entry of judgment, respondents Town Assessor and Board of Assessment Review (hereinafter collectively referred to as respondents) moved, pursuant to CPLR 4404 (b), to vacate Supreme Court's order and judgment as inconsistent with the court's decision in a separate RPTL article 7 proceeding involving another of petitioner's drug stores located in the City of Watervliet, Albany County (hereinafter the Watervliet proceeding) (*see Matter of Eckerd Corp. v Gilchrist*, 44 AD3d 1239 [2007] [decided herewith]). The court denied respondents' motion, finding that the proceedings were sufficiently distinguishable to warrant differing results. Respondents appeal from the order and judgment, as well as the order denying the motion to vacate.

Initially, we find that petitioner came forward with substantial evidence to rebut the presumption of validity attached to respondents' assessment in the form of a detailed appraisal conducted by Chris Harland, a certified appraiser, which utilized the three generally accepted methodologies for valuation—the sales comparison approach, the income capitalization approach and the cost approach—and concluded that the property was over-assessed (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187-189 [1998]; *Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 932 [2006]). The presumption being thereby rebutted, it was the role of Supreme Court to " 'weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that [the subject] property has been overvalued' " (*Matter of Gibson v Gleason*, 20 AD3d 623, 626 [2005], *lv denied* 5 NY3d 713 [2005], quoting *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188). On appeal, we will give " 'due deference to Supreme Court's power to resolve credibility issues by choosing among conflicting expert opinions' " and will not set aside its findings unless they are not supported by the weight of the evidence (*Matter of Golub Corporation/Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d 962, 962 [2001], quoting *Robinson Saw Mill Works v Speilman*, 265 AD2d 604, 607 [1999]; *see Matter of Eckerd Corp. v Semon*, 35 AD3d at 932).

We conclude that Supreme Court's determination that the tax assessment was excessive is not against the weight of the record

evidence. Harland and respondents' appraiser, David Bizik, emphasized the same methodologies for valuing the property— i.e., the sales comparison and income capitalization approaches—but reached very different conclusions because they relied upon very different comparable sales and leases.* Whereas Bizik relied exclusively on national retail drug store comparables, Harland utilized other types of retail properties, purposely excluding national retail drug stores because, according to Harland, they are "build-to-suit" properties: that is, they are subject to above-market leases which encompass purchasing, often at a premium, and assembling various pieces of property, demolition and construction costs. Based on facts similar to the case at hand, we previously have held that Harland's reasons for rejecting so-called build-to-suit comparables to be plausible and, thus, upheld Supreme Court's decision to rely on his report (*see Matter of Eckerd Corp. v Semon*, 35 AD2d at 934).

We are unpersuaded by respondents' contention that Supreme Court's decision must nevertheless be reversed because it is inconsistent with the decision in the Watervliet proceeding. On the record before us, the proceedings are sufficiently different to render any alleged inconsistency irrelevant.

We do find merit, however, in respondents' contention that the valuation of the vacant portion of the subject property at zero is speculative. Only 2.47 of the 5.07 acres of the property are improved; the remainder of the land is undeveloped. Harland assigned no value to the vacant portion of the land, finding it to be an irregular shape, landlocked and, thus, not marketable. Thus, although he employed a per acre land value for the area at $270,000, he only assessed petitioner's property as 2.47 acres, ignoring the remainder of the parcel. In contrast, Bizik testified that the location of the vacant land in a thriving business area necessarily gave it value, despite the parcel's shape and the need to access it via an easement. He valued the undeveloped land at $200,000, based upon comparable sales, including a rear parcel sold to an adjoining landowner in the Town of Colonie and a highly irregular-shaped parcel sold to an electric utility in Latham, Albany County. Given this competent evidence of value and petitioner's failure to support its position that the undeveloped land had no value, we adopt respondents' appraisal analysis and increase the assessments by $200,000 for both 2004 and 2005.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order and judgment is modified, on the law

---

* Bizik valued the property at $3,750,000 for 2004 and $3,900,000 for 2005.

and the facts, without costs, by increasing petitioner's tax assessment for the 2004 and 2005 tax years by $200,000 each, and, as so modified, affirmed. Ordered that the order entered November 6, 2006 is affirmed, without costs.