■ In the Matter of ECKERD CORPORATION, Individually and on Behalf of COLUMBIA 19TH ST., LLC, Appellant, v MARK GIL-CHRIST, as Assessor of the City of Watervliet, et al., Respondents. (And Two Other Related Proceedings.) [843 NYS2d 871]—

Carpinello, J. Appeal from an order of the Supreme Court (Teresi, J.), entered August 1, 2006 in Albany County, which dismissed petitioner's applications, in three proceedings pursuant to RPTL article 7, to reduce tax assessments on certain real property leased by petitioner.

At issue in these RPTL article 7 proceedings is a 1.6-acre parcel of property located in the City of Watervliet, Albany County. The site, which encompasses an entire city block with frontage on four streets, was assembled from 16 different parcels in 1999. In 2000, all existing structures on the properties were demolished and a freestanding national chain pharmacy store was constructed. In December 2001, the property was sold in an arm's length transaction for approximately $4 million. In July 2003, it was resold in another arm's length transaction for $4.85 million.

Petitioner now seeks to reduce its 2002, 2003 and 2004 real property tax assessments on the property. For each of these years, it was assessed at $2.8 million. In support of its petition, petitioner submitted the report of an appraiser who valued the property at $1.75 million for 2002 and $1.74 million for 2003

---

and 2004. Respondents' appraiser valued the property at $4 million for 2002, $4.25 million for 2003 and $4.4 million for 2004. Following a nonjury trial, Supreme Court rejected petitioner's challenges to the assessments. In upholding same, Supreme Court found that "[b]oth the sale and resale of the subject property as improved with the freestanding Eckerd drugstore building document a fair market value far in excess of the assessed values challenged herein." Petitioner now appeals.

Respondents do not dispute that petitioner came forward with substantial evidence to rebut the presumption of validity that attached to the assessments (*compare Matter of Eckerd Corp. v Semon*, 44 AD3d 1232 [2007] [decided herewith]). Thus, the issue distills to whether Supreme Court's determination is supported by the weight of the evidence (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]). Indeed, Supreme Court's role was to "weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (*id.*). Citing a recent case wherein it successfully challenged its assessments on another similar parcel based on the opinion of the same appraiser (*see Matter of Eckerd Corp. v Semon*, 35 AD3d 931 [2006]), petitioner essentially argues that the value opinions reached by the appraiser here were also the best evidence of market value such that Supreme Court erred in finding otherwise. We are unpersuaded.

The critical distinguishing factor between the instant proceedings and other proceedings previously before this Court (*see id.*; *see also Matter of Eckerd Corp. v Semon*, 44 AD3d 1232 [2007] [decided herewith], *supra*) is the evidence of the recent arm's length sales. In finding that petitioner did not meet its burden of proving that the subject assessments were excessive, Supreme Court specifically relied upon these recent sales as the best evidence of value. It is well settled that recent arm's length sales are indeed the best indicator of actual market value (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 189; *Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]; *Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill*, 280 AD2d 745, 747 [2001], *lv denied* 96 NY2d 715 [2001]).

Although petitioner's appraiser testified that these recent sales—the latest of which he did not even know about—did not alter his opinion as to the property's value for the years in question, his opinion "[was] given no weight" by Supreme

Court, as it "[flew] in the face of objective data found in the marketplace, particularly a sale and resale of the subject property in two arm's length transactions." Notably, this Court generally defers to Supreme Court's credibility determinations in such matters (*see e.g. Matter of NYCO Mins., Inc. v Town of Lewis*, 42 AD3d 841, 844 [2007]; *Matter of Erie Blvd. Hydropower, L.P. v Town of Ephratah Bd. of Assessors*, 9 AD3d 540, 542 [2004]; *Matter of Golub Corporation/Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d 962, 962 [2001]). Thus, we discern no basis upon which to interfere with the court's credibility finding regarding this appraiser under the facts of this case.

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.