In the Matter of BROOKS DRUGS, INC., Appellant, v BOARD OF ASSESSORS OF THE CITY OF SCHENECTADY et al., Respondents. (And Four Other Related Proceedings.) [856 NYS2d 304]—

Mercure, J.P. Appeal from an order and judgment of the Supreme Court (Kramer, J.), entered March 30, 2007 in Schenectady County, which dismissed petitioner's applications, in five proceedings pursuant to RPTL article 7, to reduce tax assessments on certain real property leased by petitioner.

In these five proceedings, petitioner (now owned by CVS) challenges the 2000, 2001, 2002, 2003 and 2004 tax assessments of the property in which it is a tenant, located at 1204 Eastern Avenue in the City of Schenectady, Schenectady County. The property consists of an 11,725 square foot drug store on a 1.02-acre corner lot that was assembled from 10 smaller parcels in 1999. It is one block from St. Clare's Hospital. The building was constructed by CVS in 2000 at a cost of $2.4 million, and sold to WEC 2000A-24 in that same year for $3.6 million, in connection with a sale of a number of similar properties. The property was subsequently sold in 2001 to York Amusement, LLC and 28-32 West 20, LLC for $4.1 million. It is subject to a $3.7 million mortgage and leased to petitioner until 2023, with renewal options thereafter, under a triple net lease at a current monthly rent of approximately $27,000. The lease provided that the fair market sales value of the property was $4.1 million in 2000, and that it was "a true lease and does not represent a financing arrangement."

Respondents assessed the property at $2,021,600 for all relevant years. In support of its challenge to that assessment, petitioner submitted an appraisal report valuing the property at $1.6 million under the sales comparison approach and $1.3 million under the income capitalization approach. Respondents' appraiser, in contrast, valued the property at $3.5 million based upon the same approaches. Following a nonjury trial that included testimony from both appraisers and an expert in the

net lease real estate market who valued the property at $4.6 million, Supreme Court credited respondents' proof over petitioner's and dismissed the petitions. Petitioner appeals and we now affirm.

Inasmuch as respondents do not dispute that petitioner successfully overcame the presumption of validity carried by the assessments, "the issue distills to whether Supreme Court's determination is supported by the weight of the evidence" (*Matter of Eckerd Corp. v Gilchrist*, 44 AD3d 1239, 1240 [2007]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]). Moreover, "[o]n appeal, we . . . give due deference to Supreme Court's power to resolve credibility issues by choosing among conflicting expert opinions" (*Matter of Eckerd Corp. v Semon*, 44 AD3d 1232, 1233 [2007] [internal quotation marks and citations omitted]; *see Matter of Eckerd Corp. v Gilchrist*, 44 AD3d at 1241). Here, as in the cases cited above involving Eckerd Corporation's challenges to assessments against it, respondents' appraiser relied upon national retail drug stores in performing the sales comparison analysis, while petitioner's appraiser, Chris Harland, excluded such properties as comparables. This Court has twice held that Harland's rationale for rejecting drug store comparables—that they are "build-to-suit" and, thus "subject to above-market leases which encompass purchasing, often at a premium, and assembling various pieces of property, demolition and construction costs" (*Matter of Eckerd Corp. v Semon*, 44 AD3d at 1234; *see Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 934 [2006])—is plausible.

We have also concluded, however, in a case decided with *Matter of Eckerd Corp. v Semon* (44 AD3d 1232 [2007], *supra*), that Supreme Court did not err in rejecting Harland's appraisal as lacking credibility when it was inconsistent with objective data found in the marketplace, such as two arm's length sales of the property at issue therein (*Matter of Eckerd Corp. v Gilchrist*, 44 AD3d at 1240-1241). In this case, although petitioner asserts that the second sale of the property from WEC 2000A-24 to York Amusement, LLC and 28-32 West 20, LLC for $4.1 million occurred on a "secondary financial market" for net leases, it does not dispute that the sale was at arm's length. Furthermore, the price paid in that sale was consistent with the value determined by respondents' expert in the net lease market, who testified that there is a national market for such properties with an average purchase price of approximately $4 million. The expert further testified that the income capitalization approach yielded a value for the property of $4.6 million. Accordingly, in

light of evidence of the arm's length sale and expert testimony distinguishing this case from both decisions in *Matter of Eckerd Corp. v Semon (supra)*, and deferring to Supreme Court's resolution of the credibility question created by the appraisers' conflicting opinions, we conclude that the petitions were properly dismissed (*see Matter of Eckerd Corp. v Gilchrist*, 44 AD3d at 1240-1241; *see also Matter of Lia v Town of Niskayuna*, 300 AD2d 876, 878 [2002]; *Matter of Golub Corporation/Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d 962, 963 [2001]).

Peters, Rose, Kane and Malone Jr., JJ., concur. Ordered that the order and judgment is affirmed, without costs.