In the Matter of CITY OF ROME, Respondent, v RAILROAD PROPERTY DEVELOPMENT CORP., Appellant. [862 NYS2d 239]—

Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered September 5, 2007. The judgment, among other things, directed respondent to remediate the property in question in accordance with the structural evaluation of petitioner's expert.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking to compel respondent to demolish and repair certain buildings owned by respondent that were part of a large complex formerly housing a manufacturing plant. According to petitioner, the buildings in question were not in compliance with its Code of Ordinances (Code). Following a hearing, Supreme Court granted the petition and ordered respondent to remediate the property in accordance with the structural evaluation of petitioner's expert. We affirm.

Contrary to respondent's contention, the court's determination that the buildings were not in compliance with the Code is not against the weight of the evidence, i.e., the evidence did not "so preponderate[ ] in favor of [respondent] that the [court's

determination] could not have been reached on any fair interpretation of the evidence" (*Zito v City of New York*, 49 AD3d 872, 874 [2008]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Indeed, the evidence established, inter alia, that the roofs on several of the buildings had collapsed, that the fire suppression systems did not function, and that there was a pit, 14 feet long, 8 feet wide and 30 feet deep, in one area of the complex. We thus conclude that the evidence presented at the hearing established that the buildings were "unsafe" within the meaning of section 14-213 of the Code. Although the structural safety of the buildings was disputed by respondent's expert, "[o]n appeal, we . . . give due deference to Supreme Court's power to resolve credibility issues by choosing among conflicting expert opinions and will not set aside its findings unless they are not supported by the weight of the evidence" (*Matter of Eckerd Corp. v Semon*, 44 AD3d 1232, 1233 [2007] [internal quotation marks omitted]; *see also Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d 1094 [2008]).

We reject respondent's further contention that the Code is not applicable to the complex because the buildings were built prior to the enactment of the Code. Pursuant to sections 14-59 (b) and 14-60 (2) of the Code, the Code applies to buildings that were built prior to its enactment in the event that the use or occupancy of the buildings has changed, and that is the case here. In any event, section 14-213 of the Code applies to any building that is determined to be unsafe.

We have reviewed respondent's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.