■ In the Matter of REGENCY REALTY ASSOCIATES, LLC, Respondent, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF MALTA et al., Appellants. [905 NYS2d 710]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered May 13, 2009 in Saratoga County, which partially granted petitioner's application, in a proceeding pursuant to RPTL article 7, to reduce the tax assessment on certain real property owned by petitioner.

Petitioner commenced this proceeding to challenge, as excessive, respondents' 2006 tax assessment on petitioner's 412-unit mobile home park located in the Town of Malta, Saratoga County. At trial, the parties conditionally stipulated to the admission of their respective appraisal reports, subject to cross-examination of their respective experts and the right to move to strike all or part of the opposing party's appraisal. Both appraisals employed similar methodology, establishing separate values for the mobile homes and the mobile home park, which were then combined to establish a total value for the property. Both appraisals utilized a market approach to value the homes and petitioner's appraisal also incorporated a cost approach to value the homes. Both appraisals used a market approach and income capitalization to value the park and petitioner's ap-

praisal also discounted cash flow to value the park. Petitioner's appraisal valued the property at $13,000,000, while respondent's appraisal valued the property at $18,440,000. Supreme Court rejected respondents' appraisal and credited petitioner's appraisal and, based on an 85% equalization rate, thereafter entered judgment reducing the assessed value of the property from $15,080,482 to $11,050,000, prompting this appeal by respondents. We affirm.

Although a municipal tax assessment is presumptively valid (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *Matter of Ace Hardware Corp. v Little*, 63 AD3d 1345, 1346 [2009]), petitioner satisfied its initial burden of submitting substantial evidence "demonstrat[ing] a valid and credible dispute regarding valuation" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]) by submitting "a detailed, competent appraisal based on standard, accepted appraisal techniques . . . prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d at 196). Once petitioner's initial burden was met, Supreme Court was required "to weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner ha[d] established by a preponderance of the evidence that [the subject] property ha[d] been overvalued" (*Matter of Eckerd Corp. v Semon*, 44 AD3d 1232, 1233 [2007] [internal quotation marks and citations omitted]). Upon appeal, we will disturb Supreme Court's findings only upon a mistake of law or error in the admission or exclusion of evidence, or where such findings are not supported by the weight of the evidence, giving due deference to Supreme Court's credibility determinations (*see Matter of General Elec. Co. v Assessor of Town of Rotterdam*, 54 AD3d 469, 472 [2008], *lv denied* 11 NY3d 711 [2008]).

Initially, we are not persuaded that petitioner's appraisal was rendered deficient by its failure to include a statement of the operating expenses for comparable properties identified in petitioner's income approach to support the estimation of market expenses. Petitioner's expert testified that the Uniform Standards of Professional Appraisal Practice (*see* 19 NYCRR part 1106) require an appraiser to analyze comparable operating expense data for the income valuation approach. Although petitioner's appraisal was required to "contain a clear and concise statement of every fact that [petitioner sought] to prove" regarding the comparable properties (22 NYCRR 202.59 [g] [2]), we note that the purpose of the rule is to allow opposing counsel to " 'adequately prepare for cross-examination' "

(*Matter of Golub Corp./Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d 962, 963 [2001], quoting *Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor*, 225 AD2d 841, 843 [1996]). Petitioner's appraisal set forth actual line expenses of the subject property as well as estimated market line expenses for comparison. Any deficiency in the appraisal was rectified at trial (*see Matter of Gibson v Gleason*, 20 AD3d 623, 625 [2005], *lv denied* 5 NY3d 713 [2005]) when petitioner's expert testified regarding his personal knowledge of market expenses based on his experience as the operator of several mobile home parks and as a broker specializing in the sale of mobile home parks for 20 years. In addition, testimony was admitted from another recent proceeding before Supreme Court, pursuant to a stipulation by the parties, in which the same expert testified regarding his valuation methodology and personal knowledge of the relevant market expenses. Similarly, we find that petitioner's expert adequately explained the basis for his capitalization rate at trial. On this record, we perceive no prejudice to respondents' ability to adequately cross-examine petitioner's expert (*see Matter of Bialystock & Bloom v Gleason*, 290 AD2d 607, 608-609 [2002]; *Matter of Golub Corp./Price Chopper Operating Co. v Assessor of Town of Queensbury*, 282 AD2d at 963).

Nor are we persuaded that, deferring, as we must, to Supreme Court's resolution of credibility issues generated by the conflicting expert opinions (*see Matter of Northern Pines MHP, LLC v Board of Assessment Review of the Town of Milton*, 72 AD3d 1314, 1315-1316 [2010]), the weight of the evidence favors respondents' valuation of the subject property. The parties relied, in part, on different comparable sales of mobile home parks. Petitioner's expert generally favored more recent sales of mobile home parks more similar in size to the subject property with minor adjustments. Respondents' expert favored smaller properties that were closer in proximity to the subject property and for which he assigned substantially more significant adjustments including, in one instance, a 20% adjustment for location alone. Petitioner's report provided a more detailed and thorough evaluation of the mobile homes within the subject property and petitioner's expert possessed significant experience in the sale of mobile homes and mobile home parks. Although the parties' estimation of gross income for the subject property was substantially similar, the income analysis provided by petitioner's expert incorporated actual operating expenses from the subject property that respondents' expert dismissed as unreliable because they covered a span of only 20 months, while at the same time relying, in part, and somewhat inconsistently, on

expenses from a comparable property that covered only a 12-month period. The expense ratio used by respondents' expert in this proceeding was substantially lower than the one used by petitioner's expert and was substantially lower than the expense ratio he estimated for the same property in a prior proceeding. The opinion of respondents' expert as to the appropriate reserves and capitalization rate were undermined by his reliance on statistics generated for dissimilar income-producing properties. A preponderance of the evidence supports petitioner's claim that the property was overvalued and, upon review of the entire record, we find no basis for disturbing Supreme Court's findings.

We have considered the parties' remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.