■ In the Matter of G.R.J.H., INC., Appellant, v SUSAN C. OTIS, as Assessor of the Town of Malta, et al., Respondents. (And Two Other Related Proceedings.) [913 NYS2d 401]—

Cardona, P.J. Appeal from an amended order and judgment of the Supreme Court (Ferradino, J.), entered October 20, 2009 in Saratoga County, which partially granted petitioner's applications, in three proceedings pursuant to RPTL article 7, to reduce the 2006 through 2008 tax assessments on certain real property owned by petitioner.

In April 2005, petitioner purchased commercial property in the Town of Malta, Saratoga County for $440,000. The property, which is located approximately 200 yards from the exit 11 ramps of Interstate 87, is improved by a convenience store/gas station. Respondent Assessor of the Town of Malta thereafter assessed the property at $825,000 for tax years 2006, 2007 and 2008, which prompted petitioner to commence these RPTL article 7 proceedings challenging the assessments. A nonjury trial was held, at the outset of which the parties stipulated that the results of the 2006 proceeding would also govern the 2007 and 2008 proceedings. Consequently, the sole issue before Supreme Court was the determination of the property's fair market value as of July 1, 2005, based upon a taxable status date of March 1, 2006.

At the trial, petitioner offered, among other things, the testimony and written appraisal report of James Zasada, who relied upon the comparable sales and income capitalization valuation methods to value the property at $340,000. On the other hand, respondents' appraiser, Barry Herbold, relied upon the comparable sales method to value the property at $895,000. At the conclusion of the trial, Supreme Court found that petitioner met its initial burden of offering substantial evidence of a bona fide dispute as to the property's value by presenting Zasada's opinion testimony (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187-188 [1998]; Matter of New Cobleskill Assoc. v Assessors of Town of Cobleskill, 280 AD2d 745, 747 [2001], lv denied 96 NY2d 715 [2001]). Petitioner was then "required to show, by a preponderance of the evidence, that its property was overvalued" (Matter of General Elec. Co. v

*Assessor of Town of Rotterdam*, 54 AD3d 469, 471 [2008], *lv denied* 11 NY3d 711 [2008] [internal quotation marks and citations omitted]; *see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188). In evaluating the evidence, the court accorded little weight to Zasada's appraisal, finding that the comparable sales selected by Zasada were, among other things, too remote in distance from the subject parcel, and that facts and figures underlying his income capitalization approach were inadequate to support an opinion. Instead, the court adopted Herbold's appraisal valuing the property at $895,000, concluding that it provided the only sound basis for a realistic market value as of the relevant dates.

On this appeal, petitioner advances only one argument, specifically, that the court should have valued the property at the sale price of $440,000 because a recent sale is the best indication of value. Notably, at trial petitioner did not rely on the sale price as a basis for valuation and, indeed, petitioner's own appraiser accorded it little weight in his report, relying instead on his comparable sales and income capitalization analysis to estimate the property's value.

In any event, the general rule that a recent arm's length sale of property is the best evidence of that property's value is not controlling where that sale can be "explained away as abnormal in any fashion" (*W.T. Grant Co. v Srogi*, 52 NY2d 496, 511 [1981]; *see Matter of Ulster Bus. Complex v Town of Ulster*, 293 AD2d 936, 939 [2002]). Here, the evidence presented at trial indicated that in conjunction with its purchase of the real property at issue, petitioner assumed full responsibility for the ongoing environmental problems associated with the property, which respondents' appraiser testified had been remediated during the time period between the sale and the taxable status date. Furthermore, the testimony of petitioner's representative revealed that petitioner paid $230,000 to a different seller for the business enterprise located on the property. That sale included equipment associated with the convenience store/gas station located on the property, including fixtures such as walk-in coolers and gasoline pumps, some of which could be considered part of the real property. Upon our review of this record, and deferring to Supreme Court's credibility determinations (*see Matter of Eckerd Corp. v Gilchrist*, 44 AD3d 1239, 1241 [2007], *lv denied* 10 NY3d 707 [2008]; *Matter of NYCO Mins., Inc. v Town of Lewis*, 42 AD3d 841, 844 [2007], *lv denied* 9 NY3d 814 [2007]), we find that the evidence is sufficient to cast doubt on the sale price as the best evidence of value in this case. Accordingly, we cannot say that Supreme Court failed to accord the sale price

"the relative weight which it should have" in valuing the property (*Matter of General Elec. Co. v Assessor of Town of Rotterdam*, 54 AD3d at 472; *see Matter of Ulster Bus. Complex v Town of Ulster*, 293 AD2d at 939).

Mercure, Lahtinen, Stein and Garry, JJ., concur. Ordered that the amended order and judgment is affirmed, without costs.