In the Matter of ECKERD CORPORATION, Respondent, v JOHN BURIN, as Assessor of the City of Elmira, et al., Appellants. (And Six Other Related Proceedings.) [920 NYS2d 824]—

Stein, J. Appeals (1) from an order of the Supreme Court (Mulvey, J.), entered November 25, 2009 in Chemung County, which, among other things, in seven proceedings pursuant to RPTL article 7, partially granted petitioner's motion to, among other things, file a late judgment, and (2) from a judgment of said court, entered December 18, 2009 in Chemung County, which granted petitioner's applications, in six proceedings pursuant to RPTL article 7, to reduce the 2002/2003 through 2007/

---

2008 tax assessments on certain real property owned by petitioner.

Petitioner owns two Eckerd pharmacies located in the City of Elmira, Chemung County which are subject to a 20-year fixed lease agreement. Petitioner's properties were assessed at $2,100,000 for the tax years 2002/2003 through 2007/2008. Petitioner filed grievances with respondent Board of Assessment Review of the City of Elmira challenging the assessments, but they were denied. Consequently, petitioner commenced six proceedings seeking to reduce its assessments for the tax years in question.[1]

At trial, each party offered appraisals into evidence for the properties at issue. Petitioner's expert, Chris Harland, opined that the value of each of the properties was $1,200,000. Respondents' appraiser, David Schwaner, valued each property at $2,100,000—a number consistent with respondents' tax assessments. Supreme Court reduced the assessments in accordance with the appraisals submitted by petitioner, finding them to be a more accurate reflection of market value. At the conclusion of its decision, Supreme Court directed the parties to "settle judgment on ten days notice." Supreme Court's decision was then entered on May 16, 2008.

On September 4, 2008, petitioner sent a proposed final order and judgment to respondents, which they rejected, asserting that the matter had been abandoned due to the failure of petitioner's counsel to submit a proposed final order and judgment within 60 days of the date that the decision was signed and filed, as required by the Uniform Rules for the New York State Trial Courts (see 22 NYCRR 202.48 [a], [b]). Soon thereafter, petitioner sent a letter to Supreme Court requesting that it amend its decision of May 9, 2008, so as to be more consistent with the proposed order and judgment. Respondents opposed the issuance of an amended decision based upon petitioner's alleged abandonment of the proceedings. Ultimately, petitioner commenced a new (seventh) proceeding—by petition filed in December 2008 and amended in February 2009—seeking virtually the identical relief it was awarded in Supreme Court's May 2008 decision and later moved for, among other things, leave to file a judgment.[2] Supreme Court permitted petitioner to file the late judgment, finding that petitioner had demonstrated good

---

1. The parties stipulated that the same assessment would apply to each of the relevant tax years.

2. In response, respondents moved to dismiss the petition and amended petition as time barred. Supreme Court deemed respondents' motion to be moot based on its finding that the petition and amended petition were moot.

cause for the delay and, therefore, had not abandoned the matter. Accordingly, Supreme Court determined that, in light of its adoption of petitioner's proposed order and judgment, petitioner's recently filed petition and amended petition were moot and that it was unnecessary to amend its prior decision. Respondents now appeal and we affirm.

Addressing first respondents' contention that petitioner abandoned the proceedings, we note that, by virtue of Supreme Court's directive to settle the judgment, petitioner was required to submit a proposed order and judgment within 60 days of May 16, 2008—the date on which the court's decision was signed and filed. However, petitioner did not do so until October 6, 2008. Accordingly, the proceedings would be deemed to have been abandoned unless petitioner demonstrated good cause for the delay (see 22 NYCRR 202.48 [a]; Funk v Barry, 89 NY2d 364, 366 [1996]; Meldrim v Hill, 260 AD2d 836, 839 [1999]). Here, respondents do not dispute that petitioner demonstrated good cause for the initial delay of approximately 45 days in submitting the proposed judgment. Instead, they argue that petitioner should be deemed to have abandoned the proceedings because the further delay until May 2009 in submitting the motion for permission to file the late judgment was without good cause. We disagree.

The plain language of 22 NYCRR 202.48 (a) requires that a proposed order or judgment be submitted for signature within 60 days of the filing of the decision, but does not contain a time limit for submitting a motion for permission to file a late order or judgment (see generally Funk v Barry, 89 NY2d at 366; Matter of Greek Peak v Armstrong, 236 AD2d 181, 184 [1997]). Notably, petitioner did not simply fail to take any action between October 2008 and May 2009 but, rather, filed a new petition and amended petition in the event the court were to determine that it had abandoned the initial six proceedings. Moreover, respondents have not alleged that any prejudice resulted from the delay in moving to file a late judgment. While the absence of prejudice is not sufficient to warrant a finding of good cause, it is relevant to our determination that Supreme Court did not abuse its discretion in permitting the late submission (see Neri's Land Improvement, LLC v J.J. Cassone Bakery, Inc., 65 AD3d 1312, 1314 [2009]; Lawton v Lawton, 239 AD2d 866, 866 [1997]; Tuller v Tuller, 162 AD2d 801, 802 [1990]).

Respondents next contend that the appraisals submitted by petitioner should have been struck in light of Harland's use of an incorrect valuation date. Again, we disagree. Although Harland used a valuation date of January 1, rather than the

valuation date of June 1 used by the City, he testified that his report would not have differed if he had used the June 1 valuation date. Significantly, he further testified that his opinion was based upon research contained in his report demonstrating that comparable sales had remained steady for several years before and after the valuation date—a fact with which Schwaner did not disagree. While an appraisal may be struck for the use of an inaccurate valuation date (*see* RPTL 302 [1]; *Matter of Markham v Comstock*, 38 AD3d 1262, 1263 [2007]; *Matter of Northville Indus. Corp. v Board of Assessors of Town of Riverhead*, 143 AD2d 135, 136 [1988]), Harland did not deviate from the conclusions contained within his report and we perceive no prejudice to respondents due to the minor deviation in valuation dates so as to warrant striking his report (*see Matter of Barron v Town of Esopus*, 246 AD2d 707, 708 [1998]; *Matter of Pepsico, Inc. v Bouchard*, 102 AD2d 1000, 1001 [1984]; *see generally Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta*, 75 AD3d 950, 951-952 [2010]). Furthermore, inasmuch as Harland's report was supported by ascertainable and verifiable data (*see Matter of Ames Dept. Stores v Assessor of Town of Greenport*, 276 AD2d 890, 892 [2000]; *Matter of Orange & Rockland Utils. v Williams*, 187 AD2d 595, 596 [1992]), any questions regarding the propriety of his assessment would affect only the weight accorded to the appraisal by the court and did not "undermine the validity of the entire appraisal" (*Matter of Myron Hunt/Shaker Loudon Assoc. v Board of Assessment Review for Town of Colonie*, 6 AD3d 953, 956 [2004]; *see Matter of OCG L.P. v Board of Assessment Review of the Town of Owego*, 79 AD3d 1224, 1225 [2010]).

Turning to the merits, we also find unavailing respondents' contention that Supreme Court's determination was against the weight of the evidence. This contention was based upon Harland's allegedly improper use of the sales of ordinary retail properties, without consideration of national retail drug stores, in his sales comparison method of valuation. The exclusion of national retail drug stores from Harland's analysis was premised upon his designation of those properties as "build-to-suit," meaning that they often have above-market leases attributable to premiums being paid to acquire the land, as well as assembly, demolition and construction costs. He explained his opinion that these factors would result in an appraisal that was not truly reflective of market value and provided a reasonable basis for comparing the properties to ordinary retail properties and for declining to consider the sales prices of certain properties utilized as comparables by Schwaner.

We have previously reviewed and accepted Harland's method

of valuing similar build-to-suit lease properties (*see Matter of Eckerd Corp. v Semon*, 44 AD3d 1232, 1234 [2007]; *Matter of Eckerd Corp. v Semon*, 35 AD3d 931, 934 [2006]) and perceive no basis to reject it here. Thus, upon our review of the record and giving due deference to Supreme Court's assessment of credibility, we find Supreme Court's determination that petitioner demonstrated that the subject properties were overvalued to be in accord with the weight of the evidence and we find no reason to disturb it (*see Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta*, 75 AD3d at 951; *Matter of General Elec. Co. v Assessor of Town of Rotterdam*, 54 AD3d 469, 471-472 [2008], *lv denied* 11 NY3d 711 [2008]).

Spain, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order and judgment are affirmed, without costs.