[954 NYS2d 666]

In the Matter of RITE AID CORPORATION, Respondent, v SUSAN OTIS, as Assessor of the Town of Malta, et al., Appellants. (And Two Other Related Proceedings.)

Third Department, November 21, 2012

**APPEARANCES OF COUNSEL**

*Vincelette Law Firm*, Albany (*Daniel G. Vincelette* of counsel), for appellants.

*Jacobson Law Firm, PC*, Pittsford (*Robert L. Jacobson* of counsel), for respondent.

**OPINION OF THE COURT**

EGAN JR., J.

Petitioner is the lessee under a 20-year triple net lease of a free-standing retail pharmacy located near exit 11 of Interstate 87 in the Town of Malta, Saratoga County. A local developer purchased the parcel upon which the pharmacy is situated in 2004, entered into a build-to-suit arrangement with Eckerd Corporation—petitioner's predecessor in interest—and thereafter constructed the 13,813-square-foot building at a cost of roughly $2.5 million. In August 2005, the developer sold the property to an income investor for approximately $3.6 million and, insofar as is relevant here, the property was assessed at $3.95 million for tax years 2008, 2009 and 2010.

Beginning in July 2008, petitioner commenced these proceedings pursuant to RPTL article 7 to challenge the assessment imposed for each of the tax years at issue. A nonjury trial ensued, at which the parties stipulated that they would limit their proof to the 2008 proceeding and, further, that the outcome of that proceeding also would govern the 2009 and 2010 proceedings. After considering the competing written appraisal reports and related testimony,* Supreme Court credited petitioner's proof and granted the petitions. This appeal by respondents ensued.

The law governing tax certiorari proceedings is well settled and may be succinctly stated. Although a municipal tax assessment enjoys a presumption of validity, that presumption may be overcome by producing "substantial evidence that [the] property has been overvalued" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998];

---

\* Petitioner's expert valued the property at $2.1 million while respondents' expert valued the property at $4.03 million.

*see Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta*, 75 AD3d 950, 951 [2010]; *Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d 963, 964 [2009], *lv denied* 12 NY3d 709 [2009])—a burden often satisfied by the submission of "a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (*Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d at 196; *accord Matter of PNL Stillwater, LLC v Board of Assessors of Town of Stillwater*, 94 AD3d 1401, 1402 [2012]; *Matter of Regency Realty Assoc., LLC v Board of Assessment Review of the Town of Malta*, 75 AD3d at 951; *see Matter of Corvetti v Winchell*, 75 AD3d 1013, 1014 [2010], *lv denied* 16 NY3d 701 [2011]). Once the presumption of validity has been rebutted, Supreme Court "must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether [the] petitioner has established by a preponderance of the evidence that its property has been overvalued" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]; *accord Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d at 964; *see Matter of Corvetti v Winchell*, 75 AD3d at 1014). Upon appellate review, our inquiry "distills to whether Supreme Court's determination is supported by the weight of the evidence" (*Matter of Eckerd Corp. v Gilchrist*, 44 AD3d 1239, 1240 [2007], *lv denied* 10 NY3d 707 [2008]; *accord Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d 1094, 1095 [2008], *lv denied* 11 NY3d 710 [2008]; *see Matter of Corvetti v Winchell*, 75 AD3d at 1014).

Here, respondents do not dispute that petitioner tendered substantial evidence to rebut the presumption of validity; rather, they contend that Supreme Court erred in disregarding the 2005 sale of the subject property as the best indicator of value. Although the proper valuation of stand-alone, national retail pharmacies with long-term leases has been the subject of six prior appeals to this Court (*see Matter of Eckerd Corp. v Burin*, 83 AD3d 1239 [2011]; *Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*; *Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*; *Matter of Eckerd Corp. v Gilchrist*; *Matter of Eckerd Corp. v Semon*, 44 AD3d 1232 [2007]; *Matter of Eckerd Corp. v Semon*, 35 AD3d 931 [2006])—and much debate—it is well settled that "[t]he best evidence of value . . . is a recent sale of the subject property between a

seller under no compulsion to sell and a buyer under no compulsion to buy" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]; *see Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d at 966; *Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d at 1095-1096; *Matter of Eckerd Corp. v Gilchrist*, 44 AD3d at 1240).

As noted previously, the subject parcel sold in August 2005 for approximately $3.6 million and, despite petitioner's protestations to the contrary, the record reflects that this indeed was an arm's length transaction. Additionally, the price paid by the purchaser in this matter was consistent with the value of the property as determined by respondents' expert (subject to market trends) (*see Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d at 1095-1096). Under these circumstances, Supreme Court's decision to credit the appraisal offered by petitioner was against the weight of the evidence (*compare Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d at 966 [recent arm's length sale], *Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d at 1095-1096 [same], *and Matter of Eckerd Corp. v Gilchrist*, 44 AD3d at 1240 [same], *with Matter of Eckerd Corp. v Burin*, 83 AD3d at 1242-1243 [no recent sale], *Matter of Eckerd Corp. v Semon*, 44 AD3d at 1234 [same], *and Matter of Eckerd Corp. v Semon*, 35 AD3d at 934 [same]). Accordingly, Supreme Court's order and judgment is reversed and the underlying petitions are dismissed.

Rose, J.P., Spain, Malone Jr. and Garry, JJ., concur.

Ordered that the order and judgment is reversed, on the law, without costs, and petitions dismissed.