*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 25, 2015                    520036
_____

In the Matter of HOME DEPOT
    U.S.A. INC.,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ASSESSOR OF THE TOWN OF
    QUEENSBURY et al.,
                    Appellants.

(And Another Related Proceeding.)
_____


Calendar Date:   April 24, 2015

Before:   Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

                        _____


        Muller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah
Everhart of counsel), for Assessor of the Town of Queensbury and
others, appellants.

        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (Karla
Williams Buettner of counsel), for Queensbury Union Free School
District, appellant.

        Cronin, Cronin, Harris & O'Brien, PC, Uniondale (Erin
O'Brien of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered January 28, 2014 in Warren County, which granted
petitioner's applications, in two proceedings pursuant to RPTL
article 7, to reduce the 2007 and 2008 tax assessments on certain
real property owned by petitioner.

Petitioner operates a Home Depot retail store on a 10.62-acre parcel of real property in the Town of Queensbury, Warren County. The property includes a 93,065 square-foot building with an attached 18,720 square-foot garden center and parking area. After respondent Assessor of the Town of Queensbury assessed the property at $8,737,000 for both the 2007 and 2008 tax years, petitioner commenced these RPTL article 7 proceedings to challenge those assessments. At the ensuing trial, the parties presented the testimony and competing reports of their respective appraisers concerning the property's fair market value. Petitioner's appraiser, Chris Harland, used the comparable sales and income capitalization methods to value the property at $5,000,000 for 2007 and $5,050,000 for 2008. Respondents' appraiser, Neil Cherkosly, valued the property at $12,200,000 for both tax years using the comparable sales, income capitalization and reproduction cost methods. Supreme Court adopted the values set forth in Harland's appraisal and granted petitioner's applications. Respondents appeal.

A local tax assessment is presumptively valid and, to overcome that presumption, a petitioner must present substantial evidence that the property is overvalued (see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 174-175 [2014]; Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 195 [1998]; Matter of Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d 1324, 1325-1326 [2014]). Petitioner met this threshold burden here through its submission of the detailed appraisal of Harland, a certified real estate appraiser with considerable experience, who utilized accepted methodologies and adequately set forth his calculations and the necessary details regarding the properties (see Matter of Clara Welch Thanksgiving Home v Board of Assessment Review for the Town of Otsego, County of Otsego & State of N.Y., 123 AD3d 1313, 1314 [2014]; Matter of Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d at 1326; Matter of Eckerd Corp. v Semon, 44 AD3d 1232, 1233 [2007]). The appropriateness of the comparable properties used by Harland in his analysis goes to the weight to be given to his appraisal, not, as respondents contend, the appraisal's competency to raise a valid dispute regarding valuation (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188 [1998]; Matter

of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d 963, 966 [2009], lv denied 12 NY3d 709 [2009]; Matter of Eckerd Corp. v Semon, 35 AD3d 931, 933 [2006]).

With petitioner having rebutted the presumptive validity of the assessments, Supreme Court was obligated to "weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188; accord Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 175; Matter of Village Sq. of Penna, Inc. v Board of Assessment Review of Town of Colonie, 123 AD3d 1402, 1404 [2014], lv denied 25 NY3d 903 [2015]). "Where, as here, conflicting expert evidence is presented, we defer to the trial court's resolution of credibility issues, and consider whether the court's determination of the fair market value of the subject property is supported by or against the weight of the evidence" (Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County, 106 AD3d 1306, 1307 [2013] [internal quotation marks and citations omitted]; see Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d at 1327-1328).

Respondents' primary objection to Harland's appraisal concerns the comparable properties employed in his analysis, which focused on the fee simple value of the property unencumbered by any leases. Whereas Cherkosly used two big-box store sales encumbered by long-term leases in his sales comparison analysis, Harland utilized the sales of seven vacant big-box stores located outside of the Capital District. For his income capitalization approach, Harland chose as comparable properties six second-generation lease properties — that is, retail leases of buildings formerly occupied by big-box retailers. Harland explained that, unlike Cherkosly, he did not use any properties subject to build-to-suit leases because such leases are typically above market and encompass land acquisition, development and construction costs that do not reflect the actual market value of the property. Harland declined to consider the properties utilized as comparables by Cherkosly on this basis,

opining that the sale and lease of large retail stores on the open market were more reflective of true market value.

We have repeatedly found Harland's rationale for excluding properties subject to build-to-suit leases to be plausible (see Matter of Eckerd Corp. v Burin, 83 AD3d 1239, 1242-1243 [2011]; Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d at 966; Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady, 51 AD3d 1094, 1095 [2008], lv denied 11 NY3d 710 [2008]; Matter of Eckerd Corp. v Semon, 44 AD3d at 1234; Matter of Eckerd Corp. v Semon, 35 AD3d at 934; see also Matter of Kohl's Ill. Inc. #691 v Board of Assessors of the Town of Clifton Park, 123 AD3d 1315, 1317 [2014]), and find no reason to reach a different conclusion here. While most of the comparable properties utilized by Harland are outside the immediate geographic vicinity of the subject property, the decision whether to accept such evidence rests within the sound discretion of the trial court (see Matter of General Elec. Co. v Town of Salina, 69 NY2d 730, 731 [1986]; Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236, 241-242 [1977]; Matter of General Elec. Co. v Assessor of Town of Rotterdam, 54 AD3d 469, 473 [2008], lv denied 11 NY3d 711 [2008]; Welch Foods v Town of Westfield, 222 AD2d 1053, 1054 [1995]). We find no abuse of that discretion here, as the record reflects that the number of reasonably similar home improvement stores in the vicinity was limited, and Harland explained the basis for his decision not to consider such nearby properties, set forth relevant demographic data and traffic counts to support the comparable markets he relied on and provided detailed adjustment grids together with explanations for the adjustments made so as to permit a meaningful comparison to the subject property (see Matter of United Parcel Serv. v Assessor of Town of Colonie, 42 AD3d 835, 838 [2007]). Emphasizing that the primary comparable relied upon by Cherkosly was not the product of an arm's length transaction and noting the absence of any factual support or explanation for the admittedly "subjective" adjustments that he made to his comparable properties, Supreme Court ultimately found the comparable properties used by Harland to be superior to those used by Cherkosly. Upon our review of the record and according appropriate deference to Supreme Court's assessment of credibility, we cannot say that its decision to credit the

findings and conclusions set forth in Harland's appraisal was contrary to the weight of the evidence (see Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors, 124 AD3d 1042, 1047 [2015]; Matter of Highbridge Dev. BR, LLC v Assessor of the Town of Niskayuna, 121 AD3d at 1327-1328; Matter of Eckerd Corp. v Burin, 83 AD3d at 1243; Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie, 58 AD3d at 966; Matter of Eckerd Corp. v Semon, 35 AD3d at 934).

Garry, Egan Jr. and Lynch, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court