In the Matter of RITE AID CORPORATION, Appellant, v CITY OF TROY BOARD OF ASSESSMENT REVIEW et al., Respondents. (And Two Other Related Proceedings.) [63 NYS3d 603]—

Lynch, J. Appeal from an order of the Supreme Court (McGrath, J.), entered April 28, 2016 in Rensselaer County, which dismissed petitioner's applications, in three proceedings pursuant to RPTL article 7, to reduce the 2011, 2012 and 2013 tax assessments on certain real property leased to petitioner.

Petitioner is the lessee under a "first generation" 20-year triple net lease of a free-standing retail pharmacy located in the City of Troy, Rensselaer County. The 1.52-acre property was assembled from five smaller parcels acquired by a developer in 2008, who completed construction pursuant to a build-to-suit agreement with petitioner in 2009. The aggregate purchase price for the five parcels was $1.8 million, but the cost of construction is not included in the record. In March 2012, the developer sold the property to a third party for approximately $6.36 million. Pertinent here, respondents assessed the property at $3.4 million for 2011, $3.36 million for 2012 and $5.15 million for 2013.

Petitioner commenced these three proceedings challenging the 2011, 2012 and 2013 tax assessments. A nonjury trial ensued, during which petitioner presented the testimony and appraisal report of Christopher Harland, who valued the property under both a sales comparison and income capitalization approach at $1.86 million for each year at issue. In contrast, respondents' appraiser, Stephen Clark, valued the property at $4.85 million for 2011, $5 million for 2012 and $5.15 million for 2013, utilizing the same methodologies. Supreme Court credited respondents' proof over petitioner's and dismissed the petitions. Petitioner appeals.

We affirm, albeit for reasons that differ from Supreme Court's rationale. To begin, there is no dispute that petitioner overcame the presumption of validity of the tax assessments and, "[t]hus, the issue distills to whether Supreme Court's determination is supported by the weight of the evidence" (*Matter of Eckerd Corp. v Gilchrist*, 44 AD3d 1239, 1240 [2007], *lv denied* 10 NY3d 707 [2008]; *see Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d 1094, 1095 [2008], *lv denied* 11 NY3d 710 [2008]). That question presents us once again with the divergent positions taken by the appraisers as to whether other national drug store comparables may be considered to determine value (*see Matter of Rite Aid Corp. v Otis*, 102 AD3d 124, 126-127 [2012] [collecting cases], *lv denied* 21 NY3d 855 [2013]; *Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d at 1095 [collecting cases]). Clark utilized such comparables, while Harland excluded same as reflecting above market rents and sales results. We have recognized that Harland's approach is plausible, provided that evidence of recent sales of the property at issue are duly considered (*see Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d at 1095). Utilizing either approach, the fundamental point is that the assessment must be based on the property's value, i.e., market value (*see* RPTL 305 [2]; *Foss v City of Rochester*, 65 NY2d 247, 253 [1985]). Here, Supreme Court determined that the March 2012 sale of $6.36 million was an arm's length transaction. While not disputing that point, petitioner emphasizes that the sale price is excessive because it reflects the value of the lease, not the market value of the property. Harland testified at trial that adjusting the March 2012 sale to reflect actual market rent yields a valuation consistent with his own findings.

We confronted a similar scenario in *Matter of Rite Aid Corp. v Otis* (*supra*), where a national retail pharmacy with a long-term lease was assessed at $3.95 million for tax years 2008, 2009 and 2010, and the property had been sold in an arm's

length transaction in August 2005 for approximately $3.6 million (*id.* at 125-127). There, we concluded that Supreme Court erred in crediting the petitioner's appraiser who disregarded the sale (*id.*). Petitioner here maintains that *Otis* is distinguishable because the sale price in that case was less than the assessed value, while here the March 2012 sale price exceeded the assessed value by more than $1 million. We find this to be a distinction without a difference, for the operative point is whether the sale was duly considered in determining the value of the property. There is little question here that the lease included above market rents, as recognized by Supreme Court, and that the March 2012 sale amount was reflective of that fact. That said, respondents' appraiser adjusted both the comparable lease rents and sale amount downward by approximately 20% in concluding his valuations. Under these circumstances, Supreme Court's decision to credit respondents' appraisal was not against the weight of the evidence (*see id.* at 127; *Matter of Rite Aid of N.Y. No. 4928 v Assessor of Town of Colonie*, 58 AD3d 963, 966 [2009], *lv denied* 12 NY3d 709 [2009]; *Matter of Brooks Drugs, Inc. v Board of Assessors of City of Schenectady*, 51 AD3d at 1095-1096). We have reviewed petitioner's remaining contentions and find them unavailing. For the reasons stated above, we conclude that the petitions were properly dismissed.

Garry, J.P., Egan Jr., Aarons and Pritzker, JJ., concur. Ordered that the order is affirmed, without costs.