*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014                    518290
_____

In the Matter of CLARA WELCH
    THANKSGIVING HOME,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

BOARD OF ASSESSMENT REVIEW
    FOR THE TOWN OF OTSEGO,
    COUNTY OF OTSEGO, STATE OF
    NEW YORK,
                        Respondent.
_____


Calendar Date:  October 6, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
         Clark, JJ.

                        _____


        Gozigian, Washburn & Clinton, Cooperstown (Edward Gozigian
of counsel), for appellant.

        Whiteman Osterman & Hanna, LLP, Albany (Jonathan P. Nye of
counsel), for respondent.

                        _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Dowd, J.),
entered June 17, 2013 in Otsego County, which dismissed
petitioner's application, in a proceeding pursuant to RPTL
article 7, to reduce the 2010 tax assessment on certain real
property owned by petitioner.

        Petitioner is the owner of a 26-unit adult home located in
the Village of Cooperstown, Otsego County.  While undergoing a $4
million planned renovation in 2003, the property was destroyed by

fire and thereafter was rebuilt in March 2004 at a cost of approximately $8.3 million.  In addition to the 26 private rooms for residents, administrative offices, kitchens, dining room and laundry facilities, the home includes a conference room, library, exercise/wellness center, meditation room, art studio, beauty parlor and massage room.  An elevator connects all levels of the home, and exterior access is aided by a heated ramp.

Although the home apparently had been listed on the relevant tax rolls as nontaxable for decades, the local assessor determined that petitioner's property was not eligible for such status in 2009 and, in 2010, tentatively assessed the property at approximately $4.2 million.  Petitioner filed a complaint and respondent reduced the assessment to approximately $3.6 million.  Still believing its property to be significantly overassessed, petitioner commenced this proceeding pursuant to RPTL article 7 seeking a further reduction in the assessment.  At the conclusion of the nonjury trial that followed, Supreme Court found the taxable valuation of the subject parcel to be $3,605,200, prompting this appeal by petitioner.

We affirm.  Although a municipal tax assessment is deemed to be presumptively valid, "[a] property owner may overcome this presumption by proffering substantial evidence that the assessment is erroneous, which is often accomplished by [the] submission of a detailed, competent appraisal, based on standard, accepted appraisal techniques and prepared by a qualified appraiser, demonstrat[ing] the existence of a genuine dispute concerning valuation" (Matter of Highbridge Dev. BR, LLC v Assessor of Town of Niskayuna, 121 AD3d 1324, 1325-1326 [internal quotation marks and citation omitted]; see Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 174-175 [2014]; Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson, 106 AD3d 1232, 1234 [2013]).  "If the taxpayer satisfies this threshold burden, the presumption disappears and the court must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether [the] petitioner has established by a preponderance of the evidence that its property has been overvalued" (Matter of Board of Mgrs. of French Oaks Condominium v Town of Amherst, 23 NY3d at 175 [internal quotation marks and citation omitted]; see

Matter of Rite Aid Corp. v Otis, 102 AD3d 124, 126 [2012], lv denied 21 NY3d 855 [2013]). Here, petitioner tendered a detailed report prepared by a qualified and certified appraiser who, in turn, utilized the income approach – a recognized and accepted method of valuation – in order to arrive at a valuation figure of $1.3 million. Such proof, in our view, was sufficient to meet the "minimal threshold" required to "demonstrate the existence of a valid and credible dispute" as to valuation (Matter of Adirondack Mtn. Reserve v Board of Assessors of Town of N. Hudson, 106 AD3d at 1234 [internal quotation marks and citation omitted]), thereby triggering review of the entire record.

In this regard, Supreme Court was confronted with two distinct valuation methodologies that produced two significantly different valuation figures. As noted previously, petitioner's expert utilized the income approach to yield a valuation figure of $1.3 million, while respondent's expert employed the comparable sales approach to arrive at a valuation figure of approximately $3.7 million. Neither approach was immune to criticism.

As petitioner's expert acknowledged in his written report, "the income approach bases value on the income a property is capable of producing. This valuation involves two major components: net operating income and an appropriate capitalization rate." Here, petitioner had "produced a negative cash flow for several years," with "[a] large portion of [its] operating expense[s] . . . covered by contributions and income from the home's endowment," and petitioner's expert conceded that this negative cash flow, when utilized in conjunction with the income approach to valuation, could "reflect an artificially low value" for the property. Respondent's expert, on the other hand, utilized the comparable sales approach based upon sales of three properties – one located in the Village of Cooperstown and two located in the Town of Vestal, Broome County. The property located in Cooperstown, however, admittedly was "inferior" to petitioner's property in a number of respects, and the two comparable sales in Broome County – although deemed to be "very comparable . . . in age and amenities" – involved substantially larger facilities. As a result, each appraiser had to make various adjustments to the respective valuations.

"Where, as here, conflicting expert evidence is presented, we defer to the trial court's resolution of credibility issues" (Matter of Lowe's Home Ctrs., Inc. v Board of Assessment Review and/or Dept. of Assessment Review of Tompkins County, 106 AD3d 1306, 1307 [2013]).  Upon reviewing the competing valuations offered and considering the various adjustments made thereto, Supreme Court deemed the valuation figure adopted by respondent's expert ($3,710,000) to more accurately reflect the value of petitioner's property ($3,605,200), and we discern no basis upon which to disturb Supreme Court's determination.  Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court